## UNITED STATES v. WIMSATT.

(District Court, S. D. New York. February 27, 1908.)

1. CRIMINAL LAW—VENUE—REMOVAL—FEDERAL PRACTICE.

In proceedings for the removal of accused to another federal district for trial, if the indictment produced as evidence of probable cause is framed in the language of the statute, with ordinary averments of time and place, and sets out the substance of the offense in language sufficient to apprise accused of the nature of the charge against him, it is sufficient to justify the removal, though it may be open to a motion to quash or in arrest of judgment in the court in which it was originally filed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 510.]

2. SAME.

Removal of accused to another federal district for trial cannot be defeated because the proceedings for removal show acts which might have been prosecuted in the district where the proceedings are had, where it is also apparent that the place of indictment is a proper one in which he could be proceeded against.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 510.]

3. SAME—DISTRICT OF COLUMBIA.

Removal of accused from a federal district to the District of Columbia for trial cannot be defeated because the acts charged in the indictment are common-law offenses; the District of Columbia being a part of the United States and the commission of a crime therein being an indictable offense against the United States.

Henry L. Stimson and Felix Frankfurter, for the United States.
Hugh Gordon Miller, for defendant.

ADAMS, District Judge. This removal to the District of Columbia is sought by the United States and opposed by the accused. It was before a commissioner who reported as follows:

"The accused Richard Wimsatt named in the annexed warrant and who says his right name is Richard H. Wimsatt having been heretofore arrested and brought before me on said warrant and the charges in the warrant and complaint having been duly explained to said accused, and he having been duly cautioned and informed of his rights in the matter, admits his identity, and demands an examination, and an examination having been had, and it appearing to me from the testimony offered that there is probable cause to believe that the said Richard H. Wimsatt is guilty of the charge in the annexed warrant and complaint obtained, he is hereby committed to trial at the District of Columbia, being the District in which the offense charged is alleged to have been committed, and the said Richard H. Wimsatt is hereby committed to the custody of the U. S. Marshal for the Southern District of New York until a warrant for his removal shall issue by the U. S. District Judge or he shall be otherwise dealt with according to law."

Thereafter the accused claimed a right to introduce testimony showing the nature of the offence, and that it was not committed in the District of Columbia but in this jurisdiction. The matter was then sent back to the commissioner for the purpose of taking and reporting such evidence as the accused might desire to introduce and in conformity therewith, further proceedings were had before the commissioner and the testimony of the treasurer of the Hamilton Bank Note Company taken. He said that the tickets in question were stolen from the premises of his company in New York on or about the 1st of November, 1907. These tickets were printed by the said company for the Washington Railway & Electric Company of Washington, D. C., but the New York Company did not continue to be the owner of the tickets until they were paid for. It has not been made clear to whom they belonged but doubtless the Bank Note Company had a lien on them if it chose to assert it.

On the whole case, especially in connection with this further testimony, the defendant objects to the removal.

It is settled in proceedings for removal if the indictment produced as evidence of probable cause is framed in the language of the statute, with ordinary averments of time and place, and sets out the substance of the offence in language sufficient to apprise the accused of the nature of the charge against him, it is sufficient to justify removal, even though it may be open to a motion to quash or in arrest of judgment in the court in which it was originally filed. Benson v. Henkel, 198 U. S. 1, 25 Sup. Ct. 569, 49 L. Ed. 919. The indictment in question meets these requirements but in order to give the accused a full opportunity to present his side of the case, the matter was remitted to the commissioner. What has since taken place before him really makes no difference in the accused's position. Even though the proceedings show acts which might have been prosecuted here, it is also apparent that the place of indictment is a proper one in which he could be proceeded against.

It is also urged by the accused that as only a common law offence is charged in the indictment, this, and not the District of Columbia, is the proper jurisdiction, but the fact of the acts specified being common

law offences does not change the situation. The District of Columbia is a part of the United States and the commission of a crime therein is an indictable offence against the United States. Benson v. Henkel, 198 U. S. 12–14, 25 Sup. Ct. 569, 49 L. Ed. 919.

The commissioner's findings will not be disturbed and they warrant the removal which will be made.