UNITED STATES ex rel. VAUSE et al. v. McCARTHY, Marshal.

(District Court, S. D. New York. April 29, 1918.)

1. CRIMINAL LAW ⬉242(2)—REMOVAL—STATUTE.
    One charged with an offense created by an act of Congress applying specially to the District of Columbia may, under Rev. St. § 1014 (Comp. St. 1916, § 1674), be removed to the District of Columbia for trial, it appearing that he was taken into custody elsewhere, for there is no extradition between the District of Columbia and a state.

2. CONSPIRACY ⬉28—STATUTES—CONSTRUCTION.
    Criminal Code (Act March 4, 1909, c. 321) § 37, 35 Stat. 1096 (Comp. St. 1916, § 10201), denouncing the offense of conspiracy to commit any offense against the United States, is sufficiently broad to include a conspiracy to violate Code of Law 1901, D. C. § 869a, as added by Act Cong. March 1, 1909, c. 233, 35 Stat. 670, by keeping a bucket shop in the District, even though the section is applicable only to the District of Columbia.

At Law. Application by the United States, on the relation of Louis N. Vause and others, for a writ of habeas corpus against Thomas D. McCarthy, Marshal. Writ dismissed, and relators remanded.

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Habeas corpus to the marshal of the Southern district of New York, who returned that he held the relators under the warrant of a commissioner of the District Court issued in a removal proceeding under Revised Statutes, § 1014. The proceeding was not concluded, and the commissioner had not yet certified to the District Court that the relators should be removed. The case was this: An indictment was found in the Supreme Court of the District of Columbia for a conspiracy under section 37 of the Criminal Code, charging that the offense against the United States contemplated by the conspiracy was to keep a "bucket shop" in that District, in violation of an amendment to the Code of Law of the District, passed by Congress on March 1, 1909 (35 Stat. 670, c. 233, §§ 869a, 869b). The point raised is that section 37 of the Criminal Code comprises only conspiracies to commit crimes created by general statutes of the United States, i. e., general federal crimes, as it were, and does not comprise conspiracies to commit crimes defined only by local statutes of the District of Columbia.

George A. Knobloch, of New York City, for relator Vause.

Walter E. Warner, of New York City, for other relators.

Garrett W. Cotter, of Flushing, N. Y., for respondent.

LEARNED HAND, District Judge (after stating the facts as above). The theory of Judge Brown in Re Dana, 68 Fed. 886, has been definitely overruled, that Revised Statutes, § 1014 (Comp. St. 1916, § 1674), does not apply to offenses committed in the District of Columbia, at least when they are crimes against the general laws of the United States. Benson v. Henkel, 198 U S. 1, 25 Sup. Ct. 569, 49 L. Ed. 919; In re Price (C. C.) 83 Fed. 830; Price v. McCarty, 89 Fed. 84, 32 C. C. A. 162. That theory rested upon the idea that the removal must be to courts existing at the time of the passage of the Judiciary Act and before the District of Columbia had been set apart, or at least that it must be to courts deriving their authority from the Judiciary Act. Judge Brown, however, went further than this, and held that in any event, disregarding that point, the removal could not apply to offenses which arose under the "local laws," as he called them, of the District of Columbia. His notion as to these was that it would put the District of Columbia at a relative advantage over the states, which was not to be understood. The contrary of such a doctrine was announced obiter in Benson v. Henkel, 198 U. S. 1, 14, 25 Sup. Ct. 569, 49 L. Ed. 919, and decided by Judge McPherson in United States v. Campbell (D. C.) 179 Fed. 762, and perhaps in result in United States v. Wimsatt (D. C.) 161 Fed. 586, though it is not clear whether the indictment there was not, as in Re Price, supra, under Revised Statutes, § 5356 (Comp. St. 1916, § 10460).

[1] I see no reason to suppose that a crime created by an act of Congress, applying specially to the District of Columbia, should not be removable under section 1014, if for no other reason than because it cannot be tried there otherwise. Concededly there is no extradition between the District of Columbia and a state. It is certainly unreasonable to suppose that there is no way of removing to the District of Columbia one who has offended against a local law, but who cannot be reached by bench warrant.

[2] It is true that in the case at bar the critical question is not whether Revised Statutes, § 1014, applies to a violation of section 869a of the Code of the District of Columbia, but whether section 37 of the

250 F.—51

Criminal Code includes a violation of that section. Yet the cases are convertible, because if section 869a is an offense against the United States under Revised Statutes, § 1014, there is no reason whatever why it should not be within exactly the same words of section 37 of the Criminal Code. There is no conspiracy section in the Code of the District, and, if the relators are right, the crime of conspiracy either does not exist in the District or depends upon the common law. It really makes little difference whether we take the statute or the common law, which is by statute in force in the District, since the indictment may read upon either; yet I should be unwilling to throw any doubt upon the doctrine that section 37 included any law of the United States, whether of general or local application.

The writ is dismissed, and the relators remanded.