## LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* WESTERN UNION TELEGRAPH COMPANY.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

## LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* WESTERN UNION TELEGRAPH COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSISSIPPI.

Nos. 176, 248. Argued January 22, 23, 1919.—Decided June 9, 1919.

The Mississippi practice providing for assessment of damages and determination of the right of condemnation in separate proceedings is consistent with due process. P. 365.

Consistently with the Fourteenth Amendment the state law may allow condemnation for maintaining an existing telegraph line as well as for building a new one. *Id.*

And where the judgment in condemnation is for a new line, the state courts may, under the Amendment, reserve inquiry into an alleged purpose to use it for maintaining an existing line, in alleged infraction of the state law, until such use is attempted. *Id.*

A judgment of condemnation for a single telegraph line on a railroad
right of way is not void under the Fourteenth Amendment for failure
to describe the exact location of the poles, when it requires them to
be set so as not to interfere with train operations or the proper use
of the right of way by the railroad or by other telegraphs already
upon it, or endanger persons or property, and is subject to stipula-
tions binding the condemnor to change its poles, etc., to conform to
necessary changes or new construction of tracks. P. 366.

Parts of an interstate railroad right of way and of bridges over nav-
igable waters may be condemned for the use of a telegraph company
pursuant to the state law. P. 367.

The Post-Roads Act of July 24, 1866, waived any objection to such
exercise of state sovereignty as an interference with interstate
commerce, and no other act of Congress prevents. *Id.*

Whether the District Court properly dismissed a bill on the ground
of *res judicata*, *held* not necessary to determine where a correct
decision on the merits must have resulted the same. *Id.*

An injunction by a federal court forbidding a railroad company to inter-
rupt a telegraph company in the use of its wires on the railroad right
of way during a certain period or until the telegraph company could
condemn, *held* binding on the federal court of another circuit. P. 368.

233 Fed. Rep. 82; 107 Mississippi, 626, affirmed.

THE cases are stated in the opinion.

*Mr. Gregory L. Smith,* with whom *Mr. Henry L. Stone*
was on the brief, for appellant and plaintiff in error.

*Mr. Rush Taggart* for appellee and defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

These suits, the earlier begun in the District Court of
the United States, the later in a Court of the State of
Mississippi, are bills in equity containing the same allega-
tions and seeking the same relief. They both seek a
decree that state judgments of condemnation by eminent
domain, giving to the telegraph company the right to
erect its poles along the railroad's right of way across the

State of Mississippi, are void.  The state case was decided first and was in favor of the defendant in error.  107 Mississippi, 626.  Then in the District Court the telegraph company pleaded the state decree as a conclusive adjudication and moved that the bill and a supplemental bill be dismissed.  Against the supplemental bill it also set up an injunction in its favor granted by another Court of the United States, reported in 201 Fed. Rep. 946, and 207 Fed. Rep. 1.  The bills were dismissed upon both grounds.  233 Fed. Rep. 82.  147 C. C. A. 152.  The constitutional questions raised are presented equally in the state case and as we shall deal with them under that, 107 Mississippi, 626, it may be assumed, subject to those questions, that the other decision was right, as we see no reason to doubt.

The Mississippi proceedings in eminent domain are limited in their effect to determining the amount of damages to be paid.  If the right to condemn is disputed that is left to be decided by a suit in equity.  *Vinegar Bend Lumber Co.* v. *Oak Grove & Georgetown R. R. Co.,* 89 Mississippi, 84, 105–107, 110, 113.  The railroad company resorted to such a bill in this case.  So far as it alleged a failure to comply with the state laws the state decision is conclusive against it, and of course it cannot complain of not being given a hearing simply because it is referred for that hearing to a different suit from that in which the value of the property is fixed.  The separation is familiar. *United States* v. *Jones,* 109 U. S. 513, 519.  Passing these matters by, the first contravention of the Fourteenth Amendment alleged is that under the Mississippi laws the right could be taken only for a new line, whereas the bill avers that the telegraph company wanted the right not for a new line but for the purpose of maintaining an existing line that it had maintained theretofore under a contract with the railroad now brought to an end.  To this the Supreme Court replied that, the judgments being

right upon their face, if the telegraph company attempted to use them to maintain an existing line instead of a new one its rights could be determined when the attempt was made. The Fourteenth Amendment knows no difference between the two purposes, and the extent to which the telegraph company is confined to one of them under the state laws is for the State Court to decide. No constitutional right is infringed when the State Court postpones discussion until the attempt is made. The decree as well as the opinion saves the railroad's right in that event.

It is argued that the judgments are void because they do not fix the exact location of the telegraph poles within the specified right of way. But they allow only one line of poles to be set up, and require it to be erected "in such manner and at such distance from defendant's [the railroad's] track as in no way to interfere with the operation of trains of said defendants or with any proper and legitimate use thereof by defendants, or the use by any telegraph or telephone company now existing thereon, and so as not to be dangerous to persons or property, and subject to all the stipulations and agreements in said petition contained." The petition contains an agreement that if, after the erection of the poles, etc., "it should become necessary for the said defendant to change the location of its tracks, or construct new tracks, or side tracks, where the same do not now exist, and for such purpose to use and occupy that portion of said right of way on which petitioner's poles are, or may be set, cross arms placed thereon and wires strung, your petitioner will, at its own expense upon reasonable notice from said defendants, remove said poles, cross arms and wires to such other point, or points, on said defendant's right of way as shall be designated by said defendant." This agreement is binding. *Mobile & Ohio R. R. Co.* v. *Postal Telegraph-Cable Co.*, 76 Mississippi, 731, 752, 753. The description has been held to satisfy the requirements of

state law and it would be extravagant to say that the Fourteenth Amendment made it bad.

It is contended that the State had no power to condemn for the use of the telegraph company any part of the right of way of an interstate road or bridge over navigable waters. Support for the argument is sought in *Western Union Telegraph Co.* v. *Pennsylvania R. R. Co.,* 195 U. S. 540. That case shows, to be sure, that the Act of July 24, 1866, c. 230, 14 Stat. 221; Rev. Stats., § 5263, purporting to grant to any telegraph company the right to construct and maintain lines along the post roads of the United States and to cross navigable streams, did not of itself give the right to appropriate private property. But it equally shows that Congress gave its assent to the acquisition of such rights in post roads by any means otherwise proper, as against any objection that it was an interference with interstate commerce, and such is the implication of the cases. "State sovereignty under the Constitution is not interfered with." *Pensacola Telegraph Co.* v. *Western Union Telegraph Co.,* 96 U. S. 1, 12. *Western Union Telegraph Co.* v. *Richmond,* 224 U. S. 160, 169. *Louisville & Nashville R. R. Co.* v. *Western Union Telegraph Co.,* 207 Fed. Rep. 1, 11, 12. The present decision is enough to establish that the condemnation followed the state law. See also *Cumberland Telephone & Telegraph Co.* v. *Yazoo & Mississippi Valley R. R. Co.,* 90 Mississippi, 686. No act of Congress prevents the state proceedings having their intended effect.

We think it unnecessary to deal with the somewhat meticulous objections to the form in which the Mississippi decree was pleaded and proved in the District Court or to repeat the answer of the defendant in error to the contention that if proved it was not an adjudication. If the bill in the District Court had not been disposed of by the state decree it would be dismissed under our present decision. Two days before the answer setting up the

state decree the railroad filed a supplemental bill alleging that the telegraph company had no longer any rights except under the condemnation proceedings but that it still was using its old line. The telegraph company pleaded in reply an injunction, mentioned above, granted by another Court of the United States, forbidding the railroad to interrupt the telegraph in the use of its wires upon the railroad's right of way, the declared purpose being to preserve the *status quo* for a certain time, or until the condemnation could be carried out. 207 Fed. Rep. 1, 5. If for any reason the supplemental bill does not fall with the bill this earlier action in the Sixth Circuit (while it stands, see 252 Fed. Rep. 29,) properly was regarded as precluding contrary action in the Fifth.

*Decrees affirmed.*