## UNITED STATES ex rel. COLEMAN v. LAUBENHEIMER.

### No. 4904.

Circuit Court of Appeals, Seventh Circuit.

Oct. 13, 1933.

Joseph E. Clayton, Jr., of Chicago, Ill., for appellant.

Dwight H. Green, U. S. Atty., and Benjamin Landis, Asst. U. S. Atty., both of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

An indictment was returned in the Supreme Court of the District of Columbia, which charged appellant, Alice Coleman, with larceny. She was apprehended in Chicago, and by the United States Commissioner ordered to enter into a recognizance for her appearance at the next term of the Supreme Court of the District of Columbia, or in default thereof to be committed to jail. As she failed to furnish bond, the marshal took her into custody. She then sought a writ of habeas corpus, to which appellee made return. After full hearing, the court found she was lawfully held by the said marshal and dismissed the petition. This appeal followed.

Appellant's argument is predicated upon the holding of the Supreme Court in Hyatt v. People of State of New York ex rel. Corkran, 188 U. S. 691, 23 S. Ct. 456, 47 L. Ed. 657, an extradition case. She contends that the evidence shows she was not in the District of Columbia on the 29th day of June, 1932, the alleged date of the commission of the felony.

The indictment charged "that one Alice Coleman, late of the District of Columbia, aforesaid, *on, to wit, the twenty-ninth day of June,* 1932, and at the District of Columbia aforesaid, * * * did," etc., etc.

Appellant testified that she was in Chicago on June 29, and a witness corroborated this statement. The Government produced a witness who identified appellant as the party named in the indictment and also said that she met appellant in Washington on two different days, June 27 and June 28. She did not, nor did any other witness for the Government, testify to seeing Alice Coleman in Washington on the 29th, the date charged in the indictment.

Numerous legal questions are raised respecting the effect of the videlicet in the indictment, the character of the proceedings (whether extradition or removal) which appellant here seeks to review, and the effect of two decisions of the Supreme Court, Hyatt v. People of State of New York ex rel. Corkran, 188 U. S. 691, 23 S. Ct. 456, 47 L. Ed. 657, and U. S. ex rel. Hughes v. Gault, 271 U. S. 142, 46 S. Ct. 459, 70 L. Ed. 875.

If this be a removal proceeding from one Federal court to another, then U. S. ex rel. Hughes v. Gault applies and Hyatt v. People of State of New York ex rel. Corkran is non-applicable, and the District Court properly dismissed the application for the writ.

 Under numerous decisions we must hold that the proceedings were under the removal statute. The word "district" as used in the removal statute (18 USCA § 591) includes the District of Columbia. Benson v. Henkel, 198 U. S. 1, 25 S. Ct. 569, 49 L. Ed. 919; U. S. v. Wimsatt (D. C.) 161 F. 586; Green v. MacDougall, 199 U. S. 601, 26 S. Ct. 748, 50 L. Ed. 323; Haas v. Henkel, 216 U. S. 475, 30 S. Ct. 249, 54 L. Ed. 569, 17 Ann. Cas. 1112; U. S. v. McCarthy (D. C.) 250 F. 800, 801.

 Moreover, the facts did not require the court to find that appellant was not in Washington on June 29. Had appellant's testimony been limited to a showing that she was in Chicago on the 29th, she could have argued that such fact was consistent with the Government's testimony that she was in Washington on the 27th and 28th. However, appellant testified, as did her corroborating witness, that she was in Chicago on June 27, 28, and 29; that she was ill in bed in Chicago on said dates. The commissioner, having seen and heard the witness, must have found that this testimony was false. This statement that she was in Chicago on all three days was either true or false. Appellant's testimony as to these dates can not be divided. If false as to the 27th and 28th, as the commissioner found, then it was likewise false as to the 29th. In other words, this is not a question of her being in Washington on two days and in Chicago on the next day, but rather a question involving the veracity of one who denied ever having been in Washington and who said she was sick in bed in Chicago on said *three* days, as well as the veracity of a disputing witness who testified that accused was in Washington on June 27 and 28.

The District Court, endeavoring to protect the accused against expense and useless criminal prosecution, allowed her to give evidence and produce witnesses before him that he might better ascertain the truth, although probably not required to do so in an application for a writ of habeas corpus seeking release from custody under a removal order to another jurisdiction. The court apparently reached the same fact conclusion as the commissioner.

The decree is affirmed.