HABEAS CORPUS—APPEAL AND ERROR—JURISDICTION.
    Writ of *habeas corpus* is issued to release a person from an illegal
    restraint of his liberty and may not be used to perform the
    functions of an appeal in the nature of a writ of error if
    jurisdiction of the person of the defendant and of alleged
    crime appear in the returns made thereto (3 Comp. Laws
    1929, § 15206 *et seq.*).

*Habeas corpus* proceedings by Henry Long, with
accompanying certiorari to John A. Boyne, Judge
of the Recorder's Court of the City of Detroit, to
obtain release from branch of the State prison at
Marquette. Submitted October 19, 1933. Resub-
mitted February 15, 1934. (Calendar No. 37,079.)
Writ dismissed April 3, 1934.

*Henry Long, in pro. per.*

*Patrick H. O'Brien,* Attorney General, *Harry S.
Toy,* Prosecuting Attorney, and *Edmund E. Shep-
herd,* Assistant Prosecuting Attorney, for the peo-
ple.

NELSON SHARPE, C. J. On petition of Henry Long,
a writ of *habeas corpus* was issued by this court to
inquire into the cause of his detention in the State
prison at Marquette. Ancillary thereto, a writ of
certiorari was issued to the recorder's court of the
city of Detroit to bring up the proceedings on his

(369)

trial. Returns have been made thereto, from which it appears that an information was filed against him in said court charging him with robbery while armed with a dangerous weapon, to which he pleaded not guilty; that on the trial thereof he was convicted and duly sentenced to be imprisoned in said prison for not less than 20 nor more than 30 years, and that a commitment was issued, under which he was taken to, and is now confined in, said prison. A motion for a new trial was made and denied.

The reasons assigned by the petitioner for his discharge and argued in his brief may be thus stated:

1. That he was not given a fair and impartial trial.

2. That he was denied the right of counsel.

3. That the jury was not properly selected.

4. That he was denied compulsory process for obtaining material witnesses.

5. That the trial court erred in denying his motion for a new trial.

Our statute provides for the issuance of such writs (3 Comp. Laws 1929, § 15206 *et seq.*), and when return is made thereto it is the duty of the court "to examine into the facts contained in such return, and into the cause of the confinement or restraint" of the prisoner, and "whether the same shall have been for any criminal or supposed criminal matter, or not" (section 15225), and "if no legal cause be shown for such imprisonment or restraint, or for the continuation thereof, such court * * * shall discharge such party from the custody or restraint under which he is held" (section 15226), or remand him to prison if it shall appear that he is detained in custody "by virtue of the final judgment * * * of any competent court of * * * criminal jurisdiction" (section 15227).

These writs may not be used to perform the functions of a writ of error (*In re Joseph,* 206 Mich. 659) and thus review the proceedings on a trial if jurisdiction of the person of the defendant and of the crime alleged to have been committed appear in the returns made thereto. *In re Lewis,* 124 Mich. 199; *In re Manaca,* 146 Mich. 697.

It will thus be seen that we cannot review, and need not discuss, the errors which, it is alleged, occurred on the trial or the trial court's denial of the petitioner's motion for a new trial. These are all matters which can be presented only on appeal in the nature of a writ of error.

The writ of *habeas corpus* is dismissed.

POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. MCDONALD and WEADOCK, JJ., took no part in this decision.