**BEARD v. BENNETT, Director of United States Bureau of Prisons, et al.**

**No. 7580.**

United States Court of Appeals for the District of Columbia.

Decided June 17, 1940.

James J. Laughlin, of Washington, D. C., for appellant.

Edward M. Curran, U. S. Atty., and Allen J. Krouse, Asst. U. S. Atty., both of Washington, D. C., for appellees.

---

Before STEPHENS, MILLER, and RUTLEDGE, Associate Justices.

RUTLEDGE, Associate Justice.

The appeal is from an order denying a petition for a writ of habeas corpus for want of jurisdiction in the court to issue it in the circumstances made by the case. Appellant is confined in the United States Penitentiary at Atlanta, Georgia, where he is serving a sentence of two to six years' imprisonment imposed May 15, 1935, upon his conviction in the court below of violating Section 865 of the District of Columbia Code.[1] He alleges that the conviction was secured through evidence illegally obtained; that he was confined first in the Washington Asylum and Jail; then was transferred to the Atlanta penitentiary; then to the District of Columbia Reformatory at Lorton, Virginia; and finally again to the Atlanta penitentiary. He challenges not only the legality of his imprisonment, but also the authority to make the various changes in the place of his confinement. The original respondents were the Director of the United States Bureau of Prisons and the Director of the Board of Public Welfare of the District of Columbia. Later appellant amended the petition to include as additional respondents the Attorney General of the United States and the General Superintendent of Penal Institutions of the District. The warden at Atlanta has not been made a party to the proceeding.

Shortly stated, the case is one in which the prisoner was convicted in a court of the District of an offense prescribed by a statute which is operative only within its territorial limits, but is confined for service of the sentence in an institution which is neither within the territorial limits of the District nor within its governmental jurisdiction as part of its local penal system. In these circumstances the court found that it had no jurisdiction to issue the writ and denied the petition.

■ I. There is no merit in appellant's challenge to the Attorney General's authority to designate the institution for service of sentence or transfer him from one to another, whether located within or without the District and whether subject to control of its local penal officials or to that of other, and distinctively federal, custodians.[2] Appellant says that he is "a District of Columbia prisoner" and "under the authority of the Board of Public Welfare of the District," apparently by virtue of the fact that he was convicted here of an offense created by a statute operative only within the District. Accordingly he appears to regard himself as rightfully subject to incarceration only in a penal institution of the District, and the Attorney General as without lawful authority to designate or transfer him to a federal penitentiary outside the District and not within the control of its local penal officers. It is clear, however, from the authorities previously cited that his offense was "an offense against the United States" within the meaning of 18 U.S.C. § 753f, 18 U.S.C.A. § 753f, which requires commitment to the custody of the Attorney General for imprisonment in the type of institution directed by the court and empowers him to designate and change the place of confinement. That section, if it is in any respect inconsistent with D.C. Code (1929) tit. 6, § 402,[3] is so only to the extent that it broadens the Attorney General's authority so that he may designate a place of confinement other than one "of the District of Columbia." Appellant, by his conviction, acquired no vested right to be incarcerated in a prison "of the District." He does not contend, nor could he well do so, that Congress could not authorize his confinement in an institution which is no part of the District's penal system proper. It not only has power to do so, but has exercised it by conferring the authority upon the Attorney General. Appellant's contention that his confinement at Atlanta is beyond the Attorney General's rightful power and illegal, is therefore wholly unfounded. It is, in fact, the existence of this authority which raises the serious question in the case.

---

[1] "Whoever shall in the District set up or keep * * * any kind of gaming table or gambling device * * * or shall induce, entice, and permit any person to bet or play at or upon any such gaming table or gambling device * * * shall be punished by imprisonment for a term of not more than five years." 31 Stat. 1331 (1901), D.C.Code (1929) tit. 6, § 153.

[2] 18 U.S.C. § 753f, 18 U.S.C.A. § 753f; Story v. Rives, 1938, 68 App.D.C. 325, 97 F.2d 182, certiorari denied, 1938, 305 U.S. 595, 59 S.Ct. 71, 83 L.Ed. 377; Beard v. Sanford, 5 Cir., 1938, 99 F.2d 750; Bracey v. Zerbst, 10 Cir., 1937, 93 F.2d 8.

[3] 39 Stat. 711 (1916).

II. Appellant is in the immediate custody of the warden at Atlanta, who is not a party to the proceeding. For this reason and because his restraint is exercised beyond the District's borders, appellees say the District Court is without jurisdiction. They contend that the warden's custody is the controlling one, because it is immediate, and that the Attorney General's admitted ultimate custody or control of the prisoner and his place of confinement, together with his official residence in the District, does not confer jurisdiction upon the court below.

On the other hand, appellant asserts that the Attorney General is charged with his custody by statute [4] and by the sentence of the court; is now exercising it and is finally responsible both for the fact and for the place of confinement; and that the warden exercises constraint only by the direction, under the authority and as the representative of the Attorney General. [5] It is said that he has undoubted power, both in fact and in law, to produce the prisoner's body at the bar of the court; that he is subject to the jurisdiction of the court for the purpose of responding to the writ; and that his custody, not the warden's, is the one controlling in determination of the jurisdictional question. It is inherent in his contention that the mere fact the place of confinement is beyond the territorial limits of the District is immaterial. He relies principally upon Sanders v. Allen, 1938, 69 App. D.C. 307, 100 F.2d 717, to sustain his position.

Implicit in these contentions are several issues which, though related, are distinct in some respects. Among them are the following: (1) whether the mere fact that the place of confinement is outside the District defeats the jurisdiction; if not, (2) whether the warden's custody is controlling and exclusive for purposes of the writ so that he is an indispensable party or, on the contrary, the Attorney General's ultimate custody is the determinative one; and (3) if so, whether he is within the jurisdiction of the court for purposes of subjection to the writ; and finally, whether a proper allocation of functions as between the courts of the District and the federal courts of the locus of imprisonment requires negation of jurisdiction here.

Interesting and important as these issues are, in view of facts presently to be stated we think we are not required to decide the jurisdictional question on this appeal.

Assuming without deciding that the court below, contrary to its own view, had jurisdiction to issue the writ, we think the result which it reached must be affirmed, though on other grounds than it assigned for its decision.

 Whether or not the District Court had a concurrent jurisdiction to issue the writ in the present circumstances, there can be no question that the federal courts sitting in the vicinity of the Atlanta prison had jurisdiction in habeas corpus to hear and determine whether appellant is entitled to the relief which he seeks in this suit. [6]

---

[4] Cf. note 2 supra. The statute, 18 U. S.C. § 753f, 18 U.S.C.A. § 753f, is as follows: "All persons convicted of an offense against the United States shall be committed, for such terms of imprisonment and to such types of institutions as the court may direct, to the custody of the Attorney General of the United States or his authorized representative, who shall designate the places of confinement where the sentences of all such persons shall be served. The Attorney General may designate any available, suitable, and appropriate institutions, whether maintained by the Federal Government or otherwise or whether within or without the judicial district in which convicted. The Attorney General is also authorized to order the transfer of any person held under authority of any United States statute from one institution to another if in his judgment it shall be for the well-being of the prisoner or relieve overcrowded or unhealthful conditions in the institution where such prisoner is confined or for other reasons. (May 14, 1930, c. 274, § 7, 46 Stat. 326.)"

It is not necessary to consider with particularity the authority of the respondents other than the Attorney General. If they or any of them may be said to have custody of the respondent in any sense, it is as representatives of the Attorney General, not independently and it is not immediate as is the warden's. The case has been presented on the theory that either the Attorney General's or the warden's custody is controlling, not that of some intermediate official.

It is assumed, since the record does not disclose the contrary, that the appearance which was entered below was on behalf of the Attorney General in his official capacity.

[5] Cf. note 4 supra.

[6] Cf. Zerbst v. Kidwell, 1938, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116

Furthermore, we take judicial notice that they have exercised their jurisdiction in respect to the present appellant and concerning the causes of which he complains here. This appears from the decision in Beard v. Sanford, 5 Cir., 1940, 110 F. 2d 527, certiorari denied, 60 S.Ct. 1078, 84 L.Ed. 1405, (1940).[7] Entirely apart from the question whether that decision might be regarded as foreclosing further consideration of the issues there raised by the courts of the District on grounds of res judicata, as to which we express no opinion,[8] we think the fact that appellant has applied for substantially identical relief in another coordinate forum having admitted jurisdiction, practically contemporaneously with making his application here, and that such forum has determined the application adversely to him, should preclude him from having the relief which he seeks in this proceeding. The trial court unquestionably has discretion in such circumstances to decline to exercise its jurisdiction, if it were admitted to exist.[9] Since the grounds upon which appellant alleges that he is unlawfully detained have been determined adversely to his contention and the Supreme Court has refused to interfere with that action, exercise of the District Court's jurisdiction, assuming that it exists, would appear to be improper.

In these circumstances, we think the only appropriate action is to affirm the order entered by the trial court.

The order is affirmed.

---

A.L.R. 808; Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Aderhold v. Lee, 5 Cir., 1934, 68 F.2d 824, certiorari denied, 1934, 292 U.S. 633, 54 S.Ct. 718, 78 L.Ed. 1486; Bracey v. Zerbst, 10 Cir., 1937, 93 F. 2d 8.

[7] See also 5 Cir., 1938, 99 F.2d 750.

[8] The substantial question would seem to be whether the Attorney General and the warden, as his representative for the exercise of custody over the appellant under the statute and his commitment, can be regarded as sufficiently identified in interest to constitute "identical parties."

[9] The federal courts frequently "decline jurisdiction" in habeas corpus proceedings for the reason that the petitioner should first raise his objections in the state court, either in the trial, on appeal or by habeas corpus. Davis v. Burke, 1900, 179 U.S. 399, 21 S.Ct. 210, 45 L.Ed. 249; Gusman v. Marrero, 1901, 180 U. S. 81, 21 S.Ct. 293, 45 L.Ed. 436; Minnesota v. Brundage, 1901, 180 U.S. 499, 21 S.Ct. 455, 45 L.Ed. 639; Ex parte Coy, D.C.W.D.Tex.1887, 32 F. 911; Shapley v. Cohoon, D.C.Mass.1918, 258 F. 752; Groseclose v. Plummer, 9 Cir., 1939, 106 F.2d 311, certiorari denied, 1939, 308 U.S. 614, 60 S.Ct. 264, 84 L.Ed. 513.

Upon the same principle of discretion, we have recently held that we would not exercise our original jurisdiction in habeas corpus, where the petitioner already had addressed the District Court and filed his notice of appeal here, Brosius v. Botkin, —— App.D.C. ——, 110 F.2d 49, 1940, in reliance upon Whitaker v. Johnston, 9 Cir., 1936, 85 F.2d 199; Ex parte Davis, 9 Cir., 1932, 54 F.2d 723. Cf. United States ex rel. Bernstein v. Hill, 3 Cir., 1934, 71 F.2d 159. See, also, Ex parte Shears, D.C.W.D.Wash., 1920, 265 F. 959.