**LONG v. BENSON, Warden.**

**No. 9601.**

Circuit Court of Appeals, Sixth Circuit.

Jan. 24, 1944.

George S. Baldwin, of Munising, Mich., for appellant.

Herbert J. Rushton and Edmund E. Shepherd, both of Lansing Mich., and William E. Dowling and Henrietta E. Rosenthal, both of Detroit, Mich., for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HICKS, Circuit Judge.

Appeal from an order of the District Court denying appellant's application for a writ of habeas corpus and for the appointment of a special master to hear evidence and report on the cause of appellant's detention in the Michigan State Prison. The petition was prepared by appellant himself. It is difficult to determine the gravamen of appellant's complaint. The petition contains the general averment that appellant is unlawfully restrained of his liberty as a prisoner in the Michigan Branch Prison at Marquette, by appellee Benson, the Warden, under color of the authority of the State of Michigan, but in violation of the due process clause (Sec. 1) of the Fourteenth Amendment. The District Court however found that appellant was confined after a trial in the Recorder's Court of the City of Detroit, and a conviction on January 7, 1931, upon a charge of robbery while armed with a dangerous weapon, and that he was sentenced to imprisonment for not less than twenty nor more than thirty years.

We are compelled to rely upon the briefs of both appellant and appellee for anything approximating a clear view of the bases upon which appellant's claim to a writ of habeas corpus is founded. They are, in substance, (1) that appellant, a colored man, was entitled to two attorneys of his own choice, one white, one colored; (2) that the trial court was prejudiced against appellant; (3) that the prosecuting attorney failed properly to investigate before recommending a warrant of arrest; (4) that the prosecuting attorney knew that the prosecuting witnesses committed per-

jury; (5) that appellant's counsel did not properly represent him and did not appeal; (6) that petitioner was prejudiced by the granting of three continuances; (7) that the trial court erred by allowing the name of an additional witness to be endorsed on the indictment for information, without notice to appellant; (8) that the trial court erred in not referring appellant to a probation officer before sentence; (9) that it was error for the trial court's successor to decide various motions made by appellant while he was in prison; (10) that the Judge erred in consulting with the Department of Pardon and Paroles before deciding these various motions; that he also erred in corresponding with the Michigan Supreme Court while appellant's application for leave to appeal was pending.

■ In United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 3, 70 L. Ed. 138, it was said: "The rule has been firmly established by repeated decisions of this court that the power conferred on a federal court to issue a writ of habeas corpus to inquire into the cause of the detention of any person asserting that he is being held in custody by the authority of a state court in violation of the Constitution, laws, or treaties of the United States, is not unqualified, but is to be exerted in the exercise of a sound discretion. The due and orderly administration of justice in a state court is not to be thus interfered with save in rare cases where exceptional circumstances of peculiar urgency are shown to exist. Ex parte Royall, 117 U. S. 241, 250–253, 6 S.Ct. 734, 29 L.Ed. 868; In re Wood, 140 U.S. 278, 289, 11 S.Ct. 738, 35 L.Ed. 505; In re Frederich, 149 U.S. 70, 77, 78, 13 S.Ct. 793, 37 L.Ed. 653; [People of State of] New York v. Eno, 155 U.S. 89, 98, 15 S.Ct. 30, 39 L.Ed. 80; Whitten v. Tomlinson, 160 U.S. 231, 240-242, 16 S.Ct. 297, 40 L.Ed. 406; Baker v. Grice, 169 U.S. 284, 290, 18 S.Ct. 323, 42 L.Ed. 748; Tinsley v. Anderson, 171 U.S. 101, 104, 105, 18 S.Ct. 805, 43 L.Ed. 91; Davis v. Burke, 179 U.S. 399, 401-403, 21 S.Ct. 210, 45 L.Ed. 249; Riggins v. United States, 199 U.S. 547, 549, 26 S.Ct. 147, 50 L.Ed. 303; Drury v. Lewis, 200 U.S. 1, 6, 26 S.Ct. 229, 50 L.Ed. 343; Glasgow v. Moyer, 225 U.S. 420, 428, 32 S.Ct. 753, 56 L.Ed. 1147; Johnson v. Hoy, 227 U.S. 245, 247, 33 S.Ct. 240, 57 L.Ed. 497."

■■ Relying upon this case, which has been consistently followed, the District Court denied the petition for the writ.

We find no valid reason for disturbing the order, which appears to us to have been made in the exercise of sound judicial discretion. It is clear enough that appellant is held in custody by reason of his conviction in a court having jurisdiction over his person and plenary jurisdiction of the offense with which he was charged. In such a case he is not entitled to relief on habeas corpus. Frank v. Mangum, 237 U.S. 309, 326, 35 S.Ct. 582, 59 L.Ed. 969. After the Mangum case and Craig v. Hecht, 263 U. S. 255, 277, 44 S.Ct. 103, 68 L.Ed. 293, it would serve no worth-while purpose to cite additional authority to the effect that habeas corpus cannot be utilized as a writ of error. See also Woolsey v. Best, Warden, 299 U.S. 1, 57 S.Ct. 2, 81 L.Ed. 3.

■ The only allegation in the petition that would cause serious question as to the soundness of the court's discretion in denying the writ is that the prosecuting attorney knew that the prosecuting witnesses committed perjury, but the court no doubt had in mind that this was a broad statement amounting to no more than a conclusion of appellant and supported by no evidential basis and made for the first time after an almost continuous legal battle for his liberty over a period of twelve years. If the point is at all material it is not necessary to say more, with reference to the complaint that appellant was not placed upon probation by the trial court before he was sentenced, than that the law of Michigan, Sec. 17371 of the Compiled Laws of Michigan for 1929, Mich.Stat.Ann. 28.1131, did not require such action.

In 1934 appellant applied to the Supreme Court of Michigan for a writ of habeas corpus which we infer from the opinion in that case [266 Mich. 369, 254 N.W. 133] was based substantially upon the same grounds as those set forth in his present petition. The court granted the writ, required the proper returns to be made thereto, and brought before it by certiorari the entire proceedings of appellant's trial at which he was convicted, and after consideration thereof dismissed the writ upon the ground that the matters complained of could not be presented by habeas corpus but only upon an appeal. The Supreme Court of the United States denied certiorari [292 U.S. 647, 54 S.Ct. 861, 78 L.Ed. 1498] and later denied a rehearing [293 U.S. 629, 55 S.Ct. 67, 79 L.Ed. 715].

We are cognizant of the principle that the opinion of the Supreme Court of Michigan is not necessarily res adjudicata of appellant's petition [Waley v. Johnston, Warden, 316 U.S. 101, 105, 62 S.Ct. 964, 86 L.Ed. 1302] but that opinion had great weight no doubt with the District Judge in determining whether he should, in the exercise of sound judicial discretion, grant the writ. Beard v. Bennett, 72 App.D.C. 269, 114 F.2d 578, 581.

Entertaining the view that the order denying the petition should not be disturbed, it necessarily follows that there is no reversible error in denying appellant's application for the appointment of a special master to report upon the cause of appellant's detention.

The order appealed from is affirmed.