## BADENHAUSEN et al. v. GLAZEBROOK et al.

### No. 11050.

Circuit Court of Appeals, Fifth Circuit.

April 10, 1945.

Abraham Mitnovetz, of New York City, and Louis S. Joel, of Jacksonville, Fla., for appellants.

Wm. H. Rogers, Olin E. Watts, Henry P. Adair, and Edw. McCarthy, Jr., all of Jacksonville, Fla., Leonard D. Adkins, Edwin S. S. Sunderland, and Thomas O'G. FitzGibbon, all of New York City, and Carlyle Barton and Paul R. Kach, both of Baltimore, Md., for appellees.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

PER CURIAM.

The system of railroads known as the Seaboard Air Line Railway, consisting of about 4,000 miles in the Fourth and Fifth Judicial Circuits, was put in receivership by a bill in equity for mortgage foreclosures, in the Eastern District of Virginia, filed December 23, 1930. An ancillary receivership, with the same receivers, was had in the Fifth Circuit in the Southern District of Florida. Since that date provisions for reorganization of railroads in bankruptcy have been enacted, but no appeal to the powers of the bankruptcy court has been made. A plan for reor-

ganization in equity was proposed and referred to a master and was under consideration for several years, including the recent years of war prosperity. After a number of modifications it was recommended for adoption by the master. The only objectors are appellants, who own about one-tenth of the bonds secured by mortgage on the Georgia & Alabama Railroad, lying in the Fifth Circuit and embracing about one-tenth of the mileage of the system. These objections were fully heard by the District Judge, of the Eastern District of Virginia, and were overruled by him, and a decree made to carry out the plan, with provisions for a sale under foreclosure of the several railroads if necessary to fix what was due nonconsenting lienholders, the decree not to operate unless confirmed and adopted also by the District Court in Florida. The District Judge in Florida heard the objectors, and entered a decree adopting and confirming that entered in the court of primary receivership. An appeal was taken by the objectors to the Circuit Court of Appeals of the Fourth Circuit from the decree of the Federal Court in Virginia, and the judgment was affirmed, with a thorough and well-considered opinion. Badenhausen et al. v. Guaranty Trust Co. et al., 4 Cir., 145 F.2d 40. An application for certiorari was made to the Supreme Court, and denied. Badenhausen v. Guaranty Trust Co. et al., 65 S.Ct. 440.

The present appeal had meanwhile been taken from the decree in Florida to this Court. Here precisely the same questions are made as were made in the Fourth Circuit, with one additional question as to the effect in this appeal of the decision in that. The parties have stipulated that the record to be used in this Court shall be that printed in the appeal in the Fourth Circuit and that the same printed briefs may be used. The parties, the questions, the record, and the arguments are thus substantially identical.

We do not need to decide whether there is a res judicata which makes it impossible to re-examine any of the questions. The railroad in which appellants are interested lies in this Circuit and cannot be sold by virtue of a decree in the Fourth Circuit, but no question about the sale of that railroad is for decision; and if a sale must be had because appellants do not join in the reorganization, it will occur under the Florida decree. The questions all relate to the equitable sharing among all the lienholders of the new securities proposed to be issued, and are such that any court having the parties before it might decide. They are questions pertaining to the general policy and disposition of the receivership, most proper to be decided by the court having the primary receivership. They have been there decided carefully and fully. Ancillary receiverships are generally conducted in harmony with the court having original jurisdiction of the primary receivership,[1] and the Federal Court of the Southern District of Florida, and this Court on appeal, out of comity and in the interest of efficient handling of the receivership property as a whole or as a unit, should follow the decision thus made, unless we should find that there was oversight or clear disregard of the rights of local creditors in the property subject to the ancillary receivership. This we do not find and there was no reversible error in the lower Court in following the decision of the Fourth Circuit in the reorganization proceedings. See Beard v. Bennett, 72 App.D.C. 269, 114 F.2d 578; Louisville & Nashville R. Co. v. Western Union Tel. Co., 5 Cir., 233 F. 82, affirmed 250 U.S. 363, 39 S.Ct. 513, 63 L.Ed. 1032.

Judgment affirmed.

---

[1] Great Western Mining & Mfg. Company v. Harris, 198 U.S. 561, 25 S.Ct. 770, 49 L.Ed. 1163; 53 C.J. 405, § 675; 51 C.J. 968, § 878.