## SLATTERY v. MACDONALD.
### No. 10073.

Circuit Court of Appeals, Sixth Circuit.
Oct. 17, 1945.

Writ of Certiorari Denied Jan. 14, 1946.

See 66 S.Ct. 480.

Wm. Henry Gallagher, of Detroit, Mich., for appellant.

Kim Sigler, of Lansing, Mich. (Victor C. Anderson and H. H. Warner, both of Lansing, Mich., on the brief), for appellee.

Before ALLEN and MARTIN, Circuit Judges, and FORD, District Judge.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Eastern District of Michigan dismissing a writ of habeas corpus upon the conclusion of a due-course hearing, during which the petitioner, Francis P. Slattery, was in attendance in proper person and well represented by counsel.

In his petition for the writ of habeas corpus, the petitioner avers that he has been illegally restrained of his liberty by the Sheriff of Ingham County, Michigan, pursuant to the unlawful order of the Circuit Court for that county, which had sentenced the petitioner to sixty days in prison for contempt of court in returning evasive answers to questions propounded to him by the Court and the assistant prosecuting attorney, in refusing to answer questions which the Court wanted him to answer, and by assuming and manifesting an insolent attitude toward the Court, in the presence of the Court. The petitioner contends that he has been deprived of his liberty without due process of law in violation of Section One of the Fourteenth Amendment to the Constitution of the United States.

From due consideration of the record on this appeal and the oral arguments and briefs of the attorneys, we are of opinion that the petitioner has not been deprived of his constitutional rights. The sentence of contempt imposed by the Circuit Court was affirmed on appeal by the Supreme Court of Michigan. In re Slattery, 310 Mich. 458, 17 N.W.2d 251. From the opinion of that Court, it clearly appears that the petitioner was properly convicted and sentenced for contempt of court under a valid state statute. The highest Court of the state held that the fact that the judge of the state Circuit Court was functioning as a one-man grand jury, pursuant to Michigan statutes, at the time the contempt was committed did not divest him of his judicial capacity; and it was pointed out that the Supreme Court of Michigan had in many other cases affirmed convictions for contempt in one-man grand jury proceedings similar to the instant case.

It appears that the petitioner has been held in custody by reason of his conviction in a Court having jurisdiction over his person and plenary jurisdiction of the offense with which he was charged; and, in such case, is not entitled to relief on habeas corpus in a United States Court. See Long v. Benson, Warden, 6 Cir., 140 F.2d 195.

The judgment of the District Court is affirmed.