**David BLACKNEY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 13744.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 2, 1957.

Decided May 1, 1958.

Petition for Rehearing Denied June 4, 1958.

Certiorari Denied Oct. 13, 1958.

See 79 S.Ct. 77.

Bazelon, Circuit Judge, dissented.

Mr. Hymie Nussbaum, Washington, D. C. (appointed by this Court), for appellant.

Mr. Harry T. Alexander, Asst. U. S. Atty., for appellee. Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee. Mr. Milton Eisenberg, Asst. U. S. Atty., at the time the record was filed, also entered an appearance for appellee.

Before WILBUR K. MILLER, BAZELON and WASHINGTON, Circuit Judges.

PER CURIAM.

This is a criminal case, in which the accused made oral and written admissions to the police, under the circumstances described in the dissent. Applying the tests laid down in Part I of Judge Danaher's opinion in Trilling v. United States, 1958, 102 U.S.App.D.C. ——, —— F.2d ——, representing the views of a majority of the entire court, we consider that the judgment of conviction must be

Affirmed.

BAZELON, Circuit Judge (dissenting).

Appellant was convicted after trial by jury on two counts of housebreaking,[1] one count of grand larceny [2] and one count of petty larceny.[3] On this appeal his principal contention is that the District Court committed error in receiving in evidence over his objection the signed confession obtained from him by the police some four hours after his arrest and before his presentment to a magistrate for commitment.

The Government's first reply to this contention is that appellant's objection

1. D.C.Code 1951, § 22–1801.

2. Id., § 22–2201.

3. Id., § 22–2202.

to the confession at the trial was not on the McNabb-Mallory ground,[4] but only on the ground that it had been given under force and duress, so that Lawson v. United States, 1957, 101 U.S.App.D.C. 332, 248 F.2d 654, certiorari denied, 1958, 355 U.S. 963, 78 S.Ct. 552, 2 L.Ed.2d 537, forecloses him from raising the McNabb-Mallory point on appeal. I cannot agree with the Government's view. This case is different from Lawson in two important respects. In the first place, there was *no objection* to the evidence in Lawson, whereas here the statement was objected to as having been involuntarily given. We said in Starr v. United States, 102 U.S.App.D.C. ——, —— F.2d ——, rehearing in banc ordered April 1, 1958: "Realism and justice dictate the conclusion that the McNabb-Mallory point is properly preserved in a pre-Mallory trial [5] by an objection based on the theory of coercion." Secondly, since the evidence in question played an important part in tieing appellant to these crimes, see note 6, infra, we should be more inclined than in Lawson to exercise our discretion to reach the issue.

I come, therefore, to the question whether the circumstances under which this confession was obtained make it inadmissible under the McNabb-Mallory rule.

On July 24, 1956, the Municipal Court for the District of Columbia issued a warrant for appellant's arrest on a charge of housebreaking and larceny. Two District of Columbia policemen arrested him at 3:00 P.M. that same day in Berryville, Virginia, and took him before a judge in a neighboring county, twenty-three miles away. One of the officers testified that appellant was told "what his rights were" and "that if he

didn't want to, he wouldn't have to come back to the District." Appellant then waived what the officers characterized variously as "the hearing," "the preliminary hearing," and "extradition." The officers drove him seventy-one miles to Washington, arriving at about 6:00 P.M. The officers testified that appellant was questioned at length during the ride and made detailed oral admissions of the crimes. Those admissions were received in evidence without objection and no question is raised here as to the propriety of receiving them.[6]

On arrival in Washington the officers took appellant to a precinct station some time after 6:00 P.M., booked him, and then took him to the detectives' room where there was additional questioning and a written confession was prepared. The typing of the written statement commenced at 6:50 P.M., and was completed at 7:30 P.M., at which time, according to the officers, appellant signed it. He was then locked up for the night in the precinct cell block.

The next morning, at about 9:30 A.M., appellant was confronted with two witnesses for the purpose of obtaining his acknowledgment of the confession in their presence. He acknowledged the confession and was asked some further questions and made further inculpatory statements. Soon afterward appellant was taken before a Municipal Court judge who committed him to jail in default of bond to be held to appear in the District Court.

An arrested person is to be taken before a magistrate without unnecessary delay. Rule 5(a), Fed.R.Crim.P., 18 U.S.C.; Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356. The police may not postpone the commitment to give

---

4. McNabb v. United States, 1943, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819; Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479.

5. Appellant was tried about six months before the Supreme Court's Mallory decision.

6. The fact that the oral admissions were in evidence did not make the written con-

fession non-prejudicial. That confession obviously figured significantly in the guilty verdict. The jury, after some deliberation, asked that the confession be sent into the jury room. It was sent in and may well have been the decisive factor.

themselves time to obtain incriminating evidence from the arrested person. Whether they did postpone the commitment here is difficult to tell from this ambiguous record.

Rule 4(c) (4), Fed.R.Crim.P., provides:

> "The officer executing a warrant shall make return thereof to the commissioner or other officer before whom the defendant is brought pursuant to Rule 5."

The record shows that the return of the warrant upon which appellant was arrested was made to the Municipal Court when the police took him there the morning after his arrest. This would suggest that it was at that time that appellant was given his Rule 5 commitment proceeding. That is also suggested by the fact that there would appear to have been no reason for taking appellant to the Municipal Court if he had already been committed in a proceeding before a judge in Virginia the day before. A third fact suggesting that the Municipal Court proceeding on the morning after arrest, rather than the Virginia proceeding the day of the arrest, was the Rule 5 commitment proceeding is that the only paper filed with the clerk of the District Court in apparent compliance with Rule 5(c) was the warrant form from the Municipal Court. No paper from the Virginia court appears to have been received by the clerk of the District Court. If these facts justify a conclusion that appellant was not arraigned under Rule 5 until about 10:30 A.M. on July 25, there was an "unnecessary delay" of arraignment and the confession obtained during the period of delay was inadmissible.

It is argued, however, that any rights appellant was entitled to under Rule 5 had been given to him in the Virginia proceeding immediately after the arrest.

All we know of the Virginia proceeding is what the officers testified to, namely, that appellant was told "what his rights were" and then made a waiver. The officers' conception of what appellant's rights were is not revealed. The only specific right they say he was advised of was "That if he didn't want to, he wouldn't have to come back to the District." Nor is it clear what rights, if any, appellant waived. As noted earlier, the District Court file is devoid of any paper referring in any way to the Virginia proceeding. So far as that file is concerned, there may have been no proceeding at all in Virginia.

Although offenders against the laws of the United States are generally brought for commitment to Federal judges or United States Commissioners, rather than State judges,[7] the Virginia judge clearly had authority to commit appellant for trial before the District Court for the District of Columbia. 18 U.S.C. § 3041.[8] If the Virginia proceeding was a commitment proceeding and if Rule 40 (a), Fed.R.Crim.P., was applied,[9] appellant was entitled to the advisory statement provided by Rule 5(b) and the judge was required to "transmit forthwith to the clerk of the district court all papers in the proceeding," as required by Rule 5(c). If, as authorized by 18 U.S.C. § 3041, the Virginia judge proceeded "according to the usual mode of procedure of his state," we are not informed what that procedure is.

We lack the following pertinent information about the Virginia proceeding: (1) whether it purported to be a commitment proceeding; and (2) if it did, (a) what advice, if any, appellant was given

---

7. 11 Cyc.Fed.Proc. § 40.137 (3d ed. 1952).

8. Appellant's alleged crime was an "offense against the United States" within the meaning of the statute. See Beard v. Bennett, 1940, 72 App.D.C. 269, 114 F.2d 578; Benson v. Henkel, 1905. 198 U.S. 1, 12–15, 25 S.Ct. 569, 49 L.Ed. 919; Price v. McCarty, 2 Cir., 1898, 89 F. 84, 87; United States v. Campbell, D.C.E.D.Pa.1910, 179 F. 762; United States v. Winsatt, D.C.S.D.N.Y. 1908, 161 F. 586, 588.

9. See, however, Rule 54(a) (2), Fed.R. Crim.P., and paragraph 4 of the Advisory Committee Notes thereto; 18 U.S.C. § 3041.

as to his rights, and (b) what the terms of the commitment were. Until such information is supplied, neither we nor the District Court can decide (1) whether appellant had been judicially advised of his rights before the police questioned him and obtained his confession; (2) whether, even if he had been so advised, the police were authorized to question him for the purpose of obtaining a confession; or (3) whether the police were authorized to take appellant to the precinct station for questioning rather than to jail to await trial. The information necessary to the decision of those questions must be supplied in further proceedings in the District Court.

I would therefore remand the case for further proceedings designed to elicit answers to the questions just posed. If it appeared, after such proceedings, that appellant's rights had not been adequately protected or that the police were acting beyond their authority, I would require the District Court to vacate the judgment of conviction and grant appellant a new trial.