Ulysses MORGAN, Appellant

v.

UNITED STATES of America, Appellee.

No. 16269.

United States Court of Appeals District of Columbia Circuit.

Argued June 12, 1961.

Decided July 13, 1961.

Petition for Rehearing Denied Aug. 9, 1961.

v. Louisville & N. R. Co., 1944, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173.

Mr. Charles Sumner Brown, Washington, D. C. (appointed by the District Court) submitted on the brief for appellant.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Nathan J. Paulson, Asst. U. S. Atty., were on the brief, submitted on the brief for appellee. Mr. Oliver Gasch, U. S. Atty., at the time the record was filed, Mr. Carl W. Belcher, Asst. U. S. Atty., at the time the record was filed, and Messrs. Charles T. Duncan and Daniel J. McTague, Asst. U. S. Attys., also entered appearances for appellee.

Before WASHINGTON, DANAHER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

■ Appellant was indicted and convicted, along with one Payne, for the offense of grand larceny,[1] growing out of a "flim-flam" game (handkerchief switch). He was incarcerated in New York on a similar charge when the District of Columbia police caused a warrant to be issued for his arrest on the charge on which he was convicted. A detainer was filed with the New York police, who then advised the District of Columbia police that appellant's sentence would expire on September 29, 1960, and that he would waive extradition. The date for transfer of custody was fixed as October 4, 1960. On that date, a District of Columbia police officer arrived in New York to take appellant into his custody. A proceeding was then conducted before a New York judge, at which appellant was advised of his rights, including the right to counsel, the right not to make a statement, and the right to have further proceedings conducted before being remanded into the custody of the District of Columbia police.

Appellant voluntarily waived extradition and, at that proceeding, signed papers to that effect. While he was still in the custody of the New York police and

after he had been advised of his rights by the New York judge, but before the formal papers were signed directing his return to the District of Columbia, appellant confessed to the District of Columbia police officer his guilt of the crime for which the District of Columbia warrant had been issued. Testimony of that officer as to that confession was received over objection and furnishes one of the two grounds now urged for reversal.

At the trial, a handkerchief knotted around wadded paper was identified as the means by which the larceny had been perpetrated by appellant but it was not introduced into evidence by the Government. In his closing argument, counsel for appellant referred to the prosecution's failure to introduce the handkerchief into evidence. The court's evening recess then intervened. When the case was resumed the following day, the prosecutor explained to the court that through inadvertence the evidence in question had not been introduced, and asked leave of the court to reopen his case in chief for the limited purpose of introducing that evidence. The motion was granted over objection, and both counsel were allotted additional time for their arguments to the jury. Appellant now urges that the court erred in permitting the Government to reopen its case at that time and for that purpose.

I

We think appellant's confession was properly admitted. At the time the confession was received by the District of Columbia police officer, appellant was still in the custody of New York authorities and had been duly advised as to his rights. The only question, then, is that of voluntariness. Appellant does not contend that the confession was not made voluntarily, and, in any event, ample instructions were given to the jury on this point. In addition, we note that the confession was made within minutes after his appearance at the extradition pro-

---

1. Section 22–2201, D.C.Code (1951). The circumstances of the larceny are de-

scribed in Payne v. United States, 111 U.S.App.D.C. ——, 294 F.2d 723.

ceeding at which, as stated, he was fully advised of his right to remain silent.

This case is stronger than Blackney v. United States, 1958, 103 U.S.App.D.C. 187, 257 F.2d 191, and Metoyer v. United States, 1957, 102 U.S.App.D.C. 62, 250 F.2d 30. In each of those cases, the oral and written [2] confessions made in similar circumstances were admitted in evidence, and their admissibility was approved by this court.

Appellant places strong reliance on Rule 5, Fed.R.Crim.P., 18 U.S.C.A., and Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, stating that he was never taken before a United States committing magistrate prior to making the confession. We note, however, that he confessed immediately after an appearance before a New York magistrate who fully advised him of his rights. (The record before us is susceptible of the inference that the confession was made in the very presence of the magistrate.) The confession was made while appellant was still in the custody of New York police. It is doubtful that Rule 5 applies in such a situation, but, even so, the appearance before the New York magistrate constituted such substantial compliance with the dictates of Rule 5 that application of the exclusionary rule here would be inappropriate.

## II

■ We also think that the trial court committed no error in permitting the prosecution to reopen its case. Such a matter is undoubtedly within the discretion of the trial court. Smith v. United States, 1939, 70 App.D.C. 255, 105 F.2d 778. Appellant contends that the evidence thus introduced was damaging; and it certainly was, since it was admitted as probative of his guilt. However, the evidence was clearly admissible, and appellant was given additional time in order to adequately argue the new matter to the jury. Appellant makes no showing

of any deprivation of rights or of opportunity to defend caused by the alleged irregularity, and that is the kind of prejudice he must show to sustain a claim of abuse of discretion by the trial court.

Since we find no error, the judgment of the District Court is

Affirmed.

---

2. Judge Edgerton, dissenting in Metoyer, agreed that the oral confession there was properly admitted, although he disagreed with the majority in its holding that the subsequent written confession was admissible, it having been made some two hours after the oral confession.