# UNITED STATES *v.* VALANTE.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 218. Argued April 8, 1924.—Decided April 21, 1924.

Defendant, having been tried for a misdemeanor before one federal
judge and having consented to the substitution of another who
received the verdict and imposed sentence of imprisonment, sought
*habeas corpus* upon the ground that the substitution was con-
trary to the constitutional provision for trial of all crimes by jury.
*Held,* that the error, if any, did not go to the jurisdiction of the
court, or render the judgment void, and that review should have
been sought by writ of error. P. 564.
Reversed.

APPEAL from an order of the District Court discharging
the appellee from custody, in a *habeas corpus* proceeding.

*Mr. George Ross Hull,* Special Assistant to the At-
torney General, for the United States.

*Mr. Abner Siegal,* for appellee, submitted.

MR. JUSTICE SANFORD delivered the opinion of the
Court.

This is an appeal from an order sustaining a writ of
*habeas corpus* and discharging Valante from custody.

He was tried in the District Court upon a criminal in-
formation charging him with misdemeanors under the
National Prohibition Act. The judge of another federal
district presided. The testimony was heard; and the jury
was charged and retired to deliberate. Not having agreed
upon a verdict by the time that the judge was to return
to his home, it was stipulated by the district attorney and
Valante's counsel that any other federal judge might re-
ceive the verdict and impose sentence, if necessary. The

jury later returned a verdict of " guilty ". A judge of the district then presiding received the verdict, and, although his authority so to do was at that time challenged, sentenced Valante to thirty days' imprisonment in the city prison. There was no motion for a new trial or application for a writ of error. Valante was surrendered to the marshal and delivered into the custody of the warden of the prison for the purpose of serving the sentence. He thereupon presented a petition for a writ of *habeas corpus,* alleging that he had been illegally sentenced in violation of his " constitutional rights and privileges " in that the verdict was received and sentence imposed by a judge having no jurisdiction. The writ was issued; and upon a hearing on the petition and the return made by the warden, the writ was sustained and Valante was discharged from custody. The United States has appealed directly to this Court. Judicial Code, § 238; *McCarthy* v. *Arndstein,* 262 U. S. 355.

Valante's contention is that the constitutional provision that the trial of all crimes shall be by jury (Art. III, § 2, cl. 3), requires the continuous presence of the same judge throughout the trial until the final judgment, and that, although this was a misdemeanor case, the substitution of another judge before the verdict was received and the sentence imposed, was not a mere irregularity which could be waived by his consent, but a violation of the constitutional provision for a jury trial. Without intimating that there is anything of substance in this contention, it is clear that the error, if any was committed, did not go to the jurisdiction of the court or render the judgment void, but was, at the most, one which could have been corrected on a review by writ of error. It is " the well-established general rule that a writ of *habeas corpus* cannot be utilized for the purpose of proceedings in error." *Craig* v. *Hecht,* 263 U. S. 255, 277, and cases there cited. And see *Riddle* v. *Dyche,* 262 U. S. 333, 335. There are no

circumstances in the present case sufficiently extraordinary to bring it within any class of " exceptional cases " or make " the general rules of procedure " inapplicable. *Craig* v. *Hecht, supra,* p. 277.

The writ of *habeas corpus* could not be used in this case as a substitute for a writ of error. The order sustaining the writ and discharging Valante from custody is accordingly reversed; and the cause will be remanded to the District Court with instructions to vacate the order, discharge the writ, and remand Valante to the custody of the warden.

*Reversed and remanded.*