CRONIN, United States Marshal for the District of Nebraska, et al. v. ENNIS.

(Circuit Court of Appeals, Eighth Circuit. January 30, 1926.)

No. 6948.

1. **Habeas corpus ⊕55—Petition for habeas corpus, alleging that sentence for maintaining liquor nuisance was void, should have been denied, where no copies of information, sentence, or final commitment were attached (Comp. St. § 1283).**

Petition for habeas corpus, alleging that sentence for maintaining liquor nuisance was void because information did not charge an offense, should have been denied in view of Comp. St. § 1283, where no copies of information, sentence, or final commitment were attached.

2. **Habeas corpus ⊕92(1).**

Sufficiency of information may not be attached on habeas corpus.

3. **Habeas corpus ⊕54—Petition for habeas corpus, alleging as conclusion that sentence for maintaining liquor nuisance was void because imposing double penalty, should have been denied.**

Petition for habeas corpus, alleging mere conclusion that sentence for maintaining liquor nuisance was void because imposing double penalty for one criminal act, should have been denied, where there was nothing in record to show that such was the fact.

4. **Habeas corpus ⊕4—Habeas corpus for release from sentence for maintaining liquor nuisance, because information was insufficient and sentence imposed double penalty, denied, where question might have been raised in trial court and then reviewed.**

Petition for habeas corpus, alleging that sentence for maintaining liquor nuisance was void, because information did not charge offense and sentence imposed double penalty, should have been denied, where such questions were never raised in trial court and could have been reviewed on writ of error.

5. **Intoxicating liquors ⊕213—Information for maintaining liquor nuisance held to charge an offense.**

Information charging unlawful maintenance of a common nuisance by possessing, controlling, and managing, in connection with other parties, a certain place for unlawful sale of intoxicating liquor, held to charge an offense.

Appeal from the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Petition for habeas corpus by Alice Ennis against Dennis H. Cronin, United States Marshal for the District of Nebraska, and others. From an order granting the petition, defendants appeal. Reversed and remanded.

James C. Kinsler, U. S. Atty., of Omaha, Neb., Ambrose C. Epperson, Asst. U. S. Atty., of Clay Center, Neb., and George A. Keyser and Andrew C. Scott, Asst. U. S. Attys., both of Omaha, Neb., for appellants.

Before KENYON and BOOTH, Circuit Judges, and AMIDON, District Judge.

KENYON, Circuit Judge. This is an appeal from an order of the United States District Court of Nebraska, Omaha Division, granting a petition for writ of habeas corpus, and releasing and discharging one Alice Ennis from further imprisonment. Alice Ennis was tried and convicted in the District Court of the United States, District of Nebraska, Omaha Division, on all seven counts of an information charging various infractions of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The first five counts relate to alleged

sales of intoxicating liquors. The sixth count relates to illegal possession of such liquor, and the seventh charges the unlawful maintenance of a common nuisance by possessing, controlling, and managing in connection with other parties a place in Omaha, Douglas county, Neb., for the unlawful sale of intoxicating liquor.

The sentence of the court under which she was committed to the jail of Lancaster county, Neb., is as follows: "Considered, ordered and adjudged, that said defendant, Alice Ennis, be imprisoned in the jail of Lancaster county, at Lincoln, Neb., for a term of one year as to the first count, one year as to the second count, one year as to the third count, one year as to the fourth count, one year as to the fifth count, and one year as to the seventh count; said sentences to run concurrently. [Any] pay into this court a fine of $400 as to the sixth count, and be imprisoned in said jail until said fine is paid."

On the 16th day of January, 1925, William H. Hinton on behalf of said Alice Ennis filed petition for writ of habeas corpus in the District Court of the United States within and for the District of Nebraska, in which petition it was claimed that Alice Ennis was unlawfully restrained of her liberty; that the sentence on the first five counts was a sentence of one year on each; and that this was in excess of the maximum sentence provided by law for such alleged offenses. As to the seventh, or nuisance count, the petition contains these averments: "(c) The sentence under the so-called nuisance count is void for the reason the language of the information does not charge the offense as created and defined by the said statute. (d) The said sentence under the so-called nuisance count is void for the further reason in that it imposes a double penalty for one alleged criminal act."

On the same day that the petition was presented to Hon. J. W. Woodrough, United States District Judge, he issued an order requiring the United States marshal, Dennis H. Cronin, and the sheriff of Lancaster county, Neb., to appear on the 21st day of January, 1925, at his court, and show cause why the relief prayed in the petition should not be granted. Respondents duly answered, and set forth the sentence imposed by Hon. John F. McGee, District Judge (now deceased), upon petitioner, claiming that said sentence was in fact one for imprisonment for one year on the first five counts, one year on the seventh count, to run concurrently, and to pay a fine of $400 on the sixth count with commitment to the Lancaster county jail until paid. Respondents denied that the petition for writ of habeas corpus stated facts sufficient to entitle petitioner to the relief prayed for. Copies of the information, arraignment, plea, verdict, sentence, and commitment in the case in which petitioner was convicted are set forth as an exhibit to respondent's answer.

Upon the hearings before Hon. J. W. Woodrough, District Judge, upon the application for habeas corpus, order to show cause, and return of respondents, the court entered an order that a writ of habeas corpus issued forthwith, and that Alice Ennis, the petitioner, be released and discharged from further imprisonment upon her compliance with section 1042, Revised Statutes of the United States (Comp. St. § 1706). This section refers to release, upon taking a certain prescribed oath, of poor convicts who have been sentenced and imprisoned for fine. Petitioner complied with the order and respondents excepting thereto bring this appeal.

Appellants concede that a sentence of a year on each of the first five counts would be erroneous, and in excess of the maximum provided by the statute. It is the claim of appellants, however, that the court intended the sentence to be a flat sentence of one year on the first five counts, and one year on the seventh or nuisance count, said sentences to run concurrently. As appellee had not served the year on the seventh, or nuisance count, when the writ was granted, we think the question as to the first five counts is not of importance. The sentences run concurrently, and if the sentence was properly imposed as to the seventh count, then appellee is in no position to complain as to the first five counts if there be no compulsion to serve beyond a year. Appellants make no claim that the combined sentences on the said five counts exceed one year. Hence we concern ourselves only with count 7.

Section 1283, Compiled Stat. (Revised Stat. § 755), provides as follows: "The court, or justice, or judge to whom such application is made shall forthwith award a writ of habeas corpus, unless it appears from the petition itself that the party is not entitled thereto. The writ shall be directed to the person in whose custody the party is detained."

[1] The petition for writ of habeas corpus should under this statute have been denied by the District Court. The allegations thereof with reference to count 7 are mere conclusions of law, and no facts whatever in support of them are shown. No copies of the

information, sentence, or final commitment were attached to the petition. The petition was entirely insufficient to warrant any conclusion that the court was without jurisdiction to impose the sentence and that the same was void. Craemer v. Washington State, 18 S. Ct. 1, 168 U. S. 124, 42 L. Ed. 407; Low Wah Suey v. Backus, 32 S. Ct. 734, 225 U. S. 460, 56 L. Ed. 1165; United States ex rel. Aronowicz v. Williams (D. C.) 204 F. 844; Shapley v. Cohoon (D. C.) 258 F. 752; Hines v. Mikell, 259 F. 29, 170 C. C. A. 28; Quagon v. Biddle (C. C. A.) 5 F.(2d) 608.

Some of the essential matters lacking in the petition for the writ of habeas corpus were supplied in the answer of respondents, but even if the matters set forth in such answer be considered, it is quite apparent that the challenge to the seventh count does not in any way go to the jurisdiction of the court. Subdivision (c) of the challenge is to the language of the information, in that it does not charge an offense as created and defined by the statute, and subdivision (d) thereof is that the sentence on the count is void for the reason that it imposes a double penalty for one alleged criminal act.

[2] It has frequently been held that the sufficiency of the information may not be attacked on habeas corpus. In the Matter of Gregory, Petitioner, 31 S. Ct. 143, 219 U. S. 210, 213, 55 L. Ed. 184 (a habeas corpus case), the court said: "We are not concerned with the question whether the information was sufficient or whether the acts set forth in the agreed statement constituted a crime, that is to say, whether the court properly applied the law, if it be found that the court had jurisdiction to try the issues and to render the judgment." Harlan v. McGourin, 31 S. Ct. 44, 218 U. S. 442, 54 L. Ed. 1101, 21 Ann. Cas. 849; Collins v. Morgan, 243 F. 495, 156 C. C. A. 193.

[3] As to subdivision (d) that the sentence imposed a double penalty for one alleged criminal act, if there was anything of merit for consideration in the question, there was nothing whatever in the record to show that such was the fact. It is the mere statement of an unsupported conclusion.

[4] It cannot be claimed with any degree of confidence that the questions raised in the petition for the writ as to the seventh count could not have been reviewed by this court on writ of error. It is quite apparent that petitioner was seeking to have certain matters now claimed as error, which were never raised in the trial of the case, reviewed in a habeas corpus proceeding and considered and decided by one judge instead of by the appellate court. A writ of habeas corpus cannot thus be utilized to usurp the function of a writ of error.

This court recently said in Quagon v. Biddle, 5 F.(2d) 608, 610: "And a writ of habeas corpus cannot be made to perform the office of a writ of error. It may not be invoked to review or avoid an erroneous judgment of a court of competent jurisdiction. It challenges the jurisdiction of the court alone and is available only to relieve a prisoner from the restraint imposed by a judgment or order that is absolutely void on the ground that the court was without the power to make it."

In Biddle v. Luvisch, 287 F. 699, 700, this court said: "As the writ of habeas corpus cannot serve as a writ of error for the correction of errors, but is a collateral attack on a judgment of a superior court, the only questions to be determined are the jurisdiction of the court, which imposed the sentence on the petitioner, or whether the allegations in the indictment fail to charge a violation of any penal law of the United States and therefore the judgment of conviction is wholly void." Harlan v. McGourin, 31 S. Ct. 44, 218 U. S. 442, 54 L. Ed. 1101, 21 Ann. Cas. 849; Matter of Gregory, Petitioner, 31 S. Ct. 143, 219 U. S. 210, 55 L. Ed. 184; Low Wah Suey v. Backus, 32 S. Ct. 734, 225 U. S. 460, 56 L. Ed. 1165; Riddle v. Dyche, 43 S. Ct. 555, 262 U. S. 333, 67 L. Ed. 1009; Craig v. Hecht, 44 S. Ct. 103, 263 U. S. 255, 277, 68 L. Ed. 293; United States v. Valante, 44 S. Ct. 411, 264 U. S. 563, 68 L. Ed. 850; Collins v. Morgan, 243 F. 495, 156 C. C. A. 193; Franklin v. Biddle (C. C. A.) 5 F.(2d) 19, 21.

[5] Certainly there is no question as to the jurisdiction of the court which imposed the sentence, nor did the allegations of count 7 of the information fail to charge a violation of any penal law of the United States.

The order sustaining the writ and discharging appellee, Alice Ennis, from custody was erroneous. It is reversed, and the cause remanded to the District Court with instructions to vacate the order, discharge the writ, and remand said Alice Ennis to the custody of the United States marshal and the sheriff of Lancaster county, Neb., or their successors in office, to serve the balance of the term of one year imposed for violation of the seventh count of the information.

Reversed and remanded.