## MARTIN v. BIDDLE, Warden. *

(Circuit Court of Appeals, Eighth Circuit. November 9, 1926.)

No. 7336.

1. Habeas corpus ⬳30(2)—Sufficiency of indictment is not reviewable by habeas corpus.

Sufficiency of indictment to sustain conviction is not reviewable by habeas corpus.

2. Habeas corpus ⬳4—Habeas corpus is not substitute for writ of error.

Habeas corpus is not a substitute for a writ of error.

3. Criminal law ⬳1175—Defendant cannot complain of failure to assess both fine and imprisonment.

One convicted under statute requiring punishment by both fine and imprisonment cannot complain that he was punished by imprisonment only.

4. Habeas corpus ⬳92(1)—Defense of limitations, where dependent on question of fact, cannot be reviewed by habeas corpus.

Defense of limitations is affirmative, and, where dependent on question of fact as to whether petitioner was a fugitive from justice, cannot be reviewed by habeas corpus.

*Rehearing denied February 2, 1927.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Application by George Martin for writ of habeas corpus, to be directed against W. I. Biddle, Warden of the United States Penitentiary at Leavenworth, Kan. From an order dismissing the application, petitioner appeals. Affirmed.

George Martin, pro se.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al. F. Williams, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before STONE and LEWIS, Circuit Judges, and SYMES, District Judge.

STONE, Circuit Judge. Appellant was convicted in the Eastern district of Oklahoma on two counts of an indictment, the first of which charged forgery of an obligation of the United States and the second, the passing and uttering of a forged security of the United States. After incarceration in the penitentiary at Leavenworth, under the above judgment, he filed an application for a writ of habeas corpus in the district of Kansas. Upon motion, that court dismissed the application as insufficient. From that order, the petitioner appeals.

[1-4] He presents here three points: First, that the indictment is insufficient; second, that the punishment was not in accordance with the statute; third, that prosecution was barred by the statute of limitations. The question raised on the indictment is not subject to review by habeas corpus, but upon writ of error, for which habeas corpus is no substitute. Cronin v. Ennis, 11 F.(2d) 237, this court. The objection as to punishment is not well taken. The statute required punishment, both by fine and imprisonment. The punishment assessed was imprisonment alone. The appellant is in no position to claim harm because the court did not also assess a fine against him in addition to the imprisonment. The defense of limitations is affirmative in character and depends upon matter of fact, namely, whether petitioner was a fugitive from justice, and, therefore, is peculiarly a matter for review on writ of error and not by habeas corpus. The indictment charges that appellant was a fugitive from justice, his so-called special plea puts that fact in issue and we must presume the court to have had before it evidence and to have ruled thereon.

The decree should be and is affirmed.