**BEARD v. SANFORD, Warden.\***
No. 8917.

Circuit Court of Appeals, Fifth Circuit.
Nov. 5, 1938.

*Rehearing denied Jan. 16, 1939.

James J. Laughlin and Ellis Klein, both of Washington, D. C., for appellant.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tisinger and J. Ellis Mundy, Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Appellant was convicted in the Supreme Court of the District of Columbia (now the District Court of the United States for the District of Columbia) for violating Section 865 of the District of Columbia Code (D.C.Code 1929, T. 6, § 153) and Section 37 of the United States Criminal Code, 18 U.S.C.A. § 88. The indictment contained three counts. The first count charged the appellant with unlawfully keeping a gaming table; the second count charged the unlawful keeping of a gaming place; and the third count charged a conspiracy to violate Sections 865 and 866 of the District of Columbia Code (D. C.Code 1929, T. 6, §§ 153, 154). Appellant was sentenced for a period of one to three years on the first count; one to three years on the second count, to run consecutively with the first; and four months to two years on the third count, to run concurrently with the sentences on the first two counts. Appellant was committed to the Washington Asylum and Jail, and was then transferred to the United States Penitentiary at Atlanta, Georgia. Subsequently he was transferred to the District of Columbia Reformatory at Lorton, Virginia, and on January 21, 1938, was again transferred to Atlanta where he is now confined.

On May 16, 1938, Beard petitioned for a writ of habeas corpus and upon the discharge of the writ he appealed to this court.

The appellant complains that certain evidence admitted at his trial deprived the court of jurisdiction; and that the offenses named in counts one and two were identical and that he was, therefore, sentenced twice for the same offense.

From his conviction in the Supreme Court of the District of Columbia appellant carried his case to the United States Court of Appeals for the District of Columbia where it was affirmed. Beard v. United States, 65 App.D.C. 231, 82 F. 2d 837. Thereupon he appealed to the United States Supreme Court where certiorari was denied. Beard v. United States, 298 U.S. 655, 56 S.Ct. 675, 80 L. Ed. 1382. With the exception of the question of place of confinement, every contention here complained of by appellant was heard and denied in those appeals. "It is a fundamental principle of jurisprudence, arising from the very nature of courts of justice and the objects for which they are established, that a question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction cannot afterwards be disputed between the same parties. Southern Pacific Railroad v. United States, 168 U.S. 1, 48, 18 S.Ct. 18, 42 L.Ed. 355. The principle is as applicable to the decisions of criminal courts as to those of civil jurisdiction." Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 589, 59 L.Ed. 969. Also, "It is 'the well-established general rule that a writ of habeas corpus cannot be utilized for the purpose of proceedings in error'." United States v. Valante, 264 U.S. 563, 44 S.Ct. 411, 412, 68 L.Ed. 850; Craig v. Hecht, 263 U.S. 255, 277, 44 S.Ct. 103, 106, 68 L.Ed. 293, and cases cited.

Beard further contends that since he was sentenced under the Indeterminate Sentence and Parole Act of the District of Columbia (D.C.Code Supp. III, 1937, T. 6, § 451 et seq.), the court erred in holding that he is subject to the authority of the Attorney General, and can be confined in a penitentiary outside the District of Columbia. This contention is without merit. Bracey v. Zerbst, Warden, 10 Cir., 93 F. 2d 8.

The judgment is affirmed.