### RIDGEWAY v AKRON (City)

Ohio Appeals, 9th Dist., Summit Co.

No. 3260.   Decided Mar. 7, 1940.

Gottwald, Breiding & Hershey, Akron, and Frederic O. Hatch, Akron, for appellant.

Wade DeWoody, Director of Law, Akron, and Nathan Koplin, Asst. Dir. of Law, Akron, for appellee.

## OPINION

By WASHBURN, PJ.

Appellant, William B. Ridgeway, was elected a councilman of the city of Akron for a term beginning January 1, 1938, and ending on December 31, 1939, and, while serving in said office, he was convicted by a jury in the Municipal Court of operating an automobile while under the influence of liquor, and was sentenced for the offense on September 14, 1938.

He was convicted by a jury in the Common Pleas Court of a felony growing out of the same transaction, and was sentenced in that court on the 16th day of December, 1938.

The municipal authorities refused to pay him his salary as councilman from and after September 15, 1938, although notwithstanding said two convictions, he attended council meetings and, without objection, participated therein.

He prosecuted appeals to the higher courts in both of said convictions, and said convictions were affirmed on the 3rd day of May, 1939; and thereupon he resigned as councilman and his resignation was accepted.

Thereafter he brought this action in Municipal Court to collect his salary from and after September 15, 1938, until the time he chose to resign. The Municipal Court found that he was not entitled to recover, and the matter is before this court upon an appeal on questions of law, the cause having been submitted in the lower court upon an agreed statement of facts.

Akron is a charter city, and that charter, under the provisions of which he was elected and was serving as a councilman, provided in §29 that—

"Any member of council who shall have been convicted of a crime while in office shall thereby forfeit his office."

In addition thereto, the General Assembly of the state of Ohio, being authorized by the constitution—Art. V, §4—provided by statute (§13458-1 GC) that—

"A person convicted of felony * * * shall be incompetent to be an elector or juror, or to hold an office of honor, trust or profit. * * *"

If there were no other constitutional or statutory provisions having a relation to the subject-matter, it would seem quite reasonable to conclude that, by the foregoing enactments, it was the intention of the legislature to provide that, when an officeholder is, upon trial by a jury, duly convicted of a felony, such officer is thereupon rendered incapable of collecting compensation for thereafter performing the duties of his office, and, likewise, that the people of Akron, when they adopted their charter, intended to provide that, when a councilman, elected under and by virtue of said charter, was, upon trial before a jury, convicted of a crime (although the same was not a felony), he should be thereby rendered incapable of recovering pay for his services as councilman thereafter rendered; in other words, that it was intended that, where there had been a full and complete trial before a jury, and the court had entered a judgment of conviction, the disqualification of the officer should be complete, without any further inquiry being made by any court or body as to the guilt of the convicted officer.

There is, however, another provision of the constitution, and legislation thereunder, which have a bearing upon the question.

In **Art. II, §38, of the Constitution**, it is provided that—

"Laws shall be passed providing for the prompt removal from office, upon complaint and hearing, of all officers, including state officers, * * * for any misconduct involving moral turpitude or for other cause provided by law; and this method shall be in addition to impeachment or other method of removal authorized by the constitution."

In pursuance of that authority, the General Assembly has provided, by **§10-1 GC**, that—

48

"* * * any person holding office in this state, or in any municipality, * * * who willfully and flagrantly exercises authority or power not authorized by law, refuses or willfully neglects to enforce the law, or to perform any official duty now or hereafter imposed upon him by law, or who is guilty of gross neglect of duty, gross immorality, drunkenness, misfeasance, malfeasance or nonfeasance, shall be deemed guilty of misconduct in office; upon complaint and hearing in the manner provided for herein shall have judgment of forfeiture of said office with all its emoluments entered thereon against him * * *."

There are provisions for a hearing of such complaints by officers and boards, and also by courts, performing political rather than judicial functions; and it is settled in this state that, in the class of cases enumerated, it is an indispensable prerequisite to an order of removal that there shall have been a complaint filed and an opportunity for a hearing had.

Such a requirement, in the class of cases like the case at bar, where the basis of the forfeiture of office is a finding and judgment of guilty after a full and complete judicial trial, would not be appropriate. The judgment of conviction would be conclusive and binding upon the board or officer before whom the complaint would be made, and there would be no fact for the board or officer to find; and we do not believe that the legislature intended the filing of a charge or complaint, and the affording of an opportunity to be heard, in cases where the officer has had a full and complete trial before a jury and court and has been convicted.

It is our best judgment that these various provisions can be harmonized by holding that the requirement as to complaint and hearing applies in the class of cases and situations arising under the legislation last hereinbefore referred to, and that there is no such requirement as to the class of cases and situations provided for under the legislation first hereinbefore referred to—to-wit, where there has been a full and complete trial before a court and jury, and a judgment of conviction has been entered.

The charter provision hereinbefore set forth is not in conflict with any of said constitutional provisions or legislative enactments, and the appellant took office under such charter provision, which specifically provided that if he should be "convicted of a crime while in office" he would "thereby forfeit his office".

The accepted definition of a forfeit is "something to which the right is lost by the commission of a crime or fault", or "the losing of something by way of penalty".

No satisfactory reason has been suggested why such provision should not be construed in accordance with the ordinary and plain meaning of the words contained therein, and it seems to us that it was meant to be self-executing, so far at least as the right to compensation is concerned.

Furthermore, this is not, strictly speaking, a case of removal from office; it is the denial of the right of compensation to a municipal officer who, by the plain provisions of the statutes of Ohio and the charter of the city, had, by reason of his conduct, become incompetent to hold the office and had forfeited his right to compensation; and the fact of such incompetency was conclusively established by due process of law—to-wit, two regular trials, verdicts of two juries, and judgments of two courts.

Judgment affirmed.

DOYLE, J. and STEVENS, J., concur.