**BOWMAN, Relator, v. ALVIS, Warden, Respondents.**

Ohio Appeals, Second District, Franklin County.

No. 4435. Decided June 30, 1950.

Jesse G. Dickinson, R. Patrick West, Columbus, for relator.
Hon. Herbert S. Duffy, Atty. Genl., Alan E. Schwarzwalder,
Asst. Atty. Genl., Columbus, for respondents.

## OPINION

By WISEMAN, J.

This is an original action in habeas corpus in which the relator seeks his release from the Ohio State Penitentiary where he has been confined since the 2nd day of November, 1948, on a mittimus issued by the Common Pleas Court of Franklin County, Ohio, after having been tried and convicted on four counts for armed robbery.

The facts in this case were presented to this Court in the form of an agreed stipulation.

It is conceded that if the Court had jurisdiction, a remedy by habeas corpus is not available. However, relator contends that the Court never acquired jurisdiction and that if it did acquire jurisdiction, it lost its jurisdiction.

Relator contends that the Court never acquired jurisdiction due to the fact that the record shows that he was never served with a warrant at the time of his arrest; that he was not given a preliminary hearing; and that he was denied

counsel before arraignment. When arraigned the relator pleaded not guilty. Four and one-half months later the relator was placed on trial. Five days before trial the Court appointed counsel to represent the relator. We fail to see how the rights of the relator were prejudiced by the failure of the Court to appoint counsel before arraignment. The relator entered a plea of not guilty, and after counsel was appointed, he was tried and convicted. The record does not show that the relator demanded counsel and was refused. The facts in this case bring it within the principle laid down in the case of **In re: Burson, 152 Oh St 375,** 89 N. E. (2d) 651, which held that the accused may waive his right to counsel and such waiver may be expressed or implied. Under the facts in this case, the failure to appoint counsel did not amount to a denial of "due process" and did not deprive the Court of jurisdiction. Assuming, without deciding, that irregularities took place in the preliminary steps leading up to the indictment and arraignment, such irregularities would not affect the jurisdiction of the Court and would not be sufficient grounds for granting a writ of habeas corpus. Newberry v. State, 15 O. C. C. 208. The jurisdiction of the Court is not affected by irregularities in the manner in which the accused is brought within the jurisdiction of the Court. Vol. 22 C. J. S. page 242. See also Pettibone v. Nichols, 203 U. S. 192, 216.

Relator contends that if the Court acquired jurisdiction, such jurisdiction was subsequently lost due to the fact that during the trial of the case the Court permitted a juror to attend the funeral of her mother-in-law, accompanied by a deputy sheriff, at which time the Court declared a recess; and on one occasion another juror, during the course of the trial, became ill and was permitted to leave the courtroom for the purpose of taking a sedative, after which she returned to the courtroom and the trial continued. Relator contends that the Court should have discharged the jurors and declared a mistrial, citing in support thereof §11420-7 GC, which in part provides that:

"Because of the sickness of a juror or accident or calamity which requires it * * *, the court may discharge the jury."

**Sec. 13443-13 GC,** also is cited which in part provides:

"If before the conclusion of the trial a juror becomes sick or for other reason is unable to perform his duties, the court may order him to be discharged."

The trial proceeded at all times with a full panel and the record does not affirmatively show that the jurors were in any way incapacitated. The facts stipulated are not sufficient to justify an inference that any of the jurors were incapacitated to discharge their full duties as jurors. The record does not disclose that the relator at any time entered an objection on the ground that said jurors were incapacitated.

The question as to whether the juror should have been discharged and a mistrial ordered lies within the sound discretion of the trial court. **Vol. 12 O. Jur., page 844.** In view of the record, the presumption prevails that the trial court properly exercised its discretion in this matter. Furthermore, the judgment is not subject to collateral attack on this ground in a habeas corpus proceeding.

Finally, it is contended that the jurisdiction of the Court was lost due to the substitution of one Judge for another during the course of the trial. After the trial had commenced and before the verdict was rendered the trial judge became ill and was unable to continue to preside; thereupon, another judge of the same court conducted the trial and received the verdict. The motion for a new trial was decided by the judge who presided in the beginning of the trial. The record is not clear at what stage of the proceedings the substitution of judges was made. The stipulation does state that the substitute judge did not hear the earlier testimony, arguments, objections or exceptions taken; that he had no opportunity to observe any of the witnesses who had testified previously; the record does not affirmatively show that he had any prior knowledge of any of the above issues.

The record does not show that the relator interposed an objection to the conduct of the trial by the substitute judge; neither does the record show that the relator expressly consented. In the absence of an affirmative showing to the contrary, it may be presumed that the accused consented to the substitution of judges by the continuation of the trial to its completion. No claim of unfairness or prejudice is made and we fail to find any.

The relator contends that one judge cannot be substituted for another during the course of the trial of a criminal case and that a mistrial will result from the changing of judges without defendant's consent. In support of this proposition, relator cites the following cases: Freeman v. U. S., 227 Fed. 732; Durden v. People, 192 Ill., 493, 61 N. E. 317; Commonwealth v. Thompson, 328 Pa. 27, 195 A. 115; Labonte v. LaCasse, 78 N. H. 489, 54 A. L. R. 952; Bahnsen v. Gilbert, 55 Minn. 334, 54 A. L. R. 959 and Mason v. State, 5 C. C. N. S. 113, 26 O. C. C. 535.

In the Freeman case which was decided by the United States Circuit Court of Appeals for the Second Circuit in 1915, it was held that the constitutional right of trial by jury means a jury of twelve jurors presided over by one judge throughout the trial; that the accused cannot waive trial by jury and cannot consent to the substitution of one judge for another.

In 1935 the same Court in Cahill v. Mayflower Bus Lines, 77 Fed. (2d) 838, in commenting on the Freeman case said:

"In Freeman v. United States, 227 F. 732, this court held a judge could not be substituted for another during the taking of testimony because a substitued judge would be unable to advise the jury about the value of the testimony and that a defendant was not free to waive a jury trial. It is now authoritatively decided a defendant may waive a jury. Patton v. United States, 281 U. S. 276, 50 S. Ct. 253, 74 O. Ed. 854, 70 A. L. R. 263."

The Court in the Cahill case relied on the case of Patton v. U. S., 281 U. S. 276, 50 S. Ct. 253, which was decided in 1928 and held:

"The provision of Art. III, Sec. 2, of the Constitution, relating to trial by jury, is not jurisdictional, but was meant to confer a right upon the accused which he may forego at his election."

"The view that power to waive a trial by jury in criminal cases should be denied on the grounds of public policy is rejected as unsound."

In Simons v. U. S. 119 Fed. (2d) 539, the Circuit Court of Appeals for the Ninth Circuit in 1941 stated that the Freeman case was based on the premise that the right to a jury trial cannot be waived. The court held that this premise has been destroyed in the Patton case. The first paragraph of the syllabus in the Simons case is as follows:

"The right to a jury trial, including the right to have the same judge proceed throughout the trial, as preserved by the Federal Constitution is a 'privilege' which the accused may forego at his election. U. S. C. A. Const. Art. 3, Sec. 2."

The Court held that the fact that one judge was substituted for another did not constitute a denial of "due process" and did not deprive the Court of jurisdiction.

The Supreme Court of Illinois in the Durden case held that it was reversible error to substitute one judge for another; that the substitution in the trial of a criminal case is against public policy. In Commonwealth v. Thompson the Pennsylvania Court approved the principle laid down in the Freeman and Durden cases, but affirmed the judgment on the ground that the substitution of another judge at the end of the voir dire examination was not prejudicial. The Labonte and the Bahnsen cases are not in point.

In Mason v. State the Circuit Court for Ashtabula County in 1904 held:

"Where upon a trial for murder in the second degree, after the evidence is all introduced, the trial judge becomes incapacitated to further continue in the case, and the prosecution is adjourned for eighteen days, part of the time from day to day by the sheriff, and at other times by another judge of the same subdivision; during which adjournment the jury is permitted to separate, going to different parts of the county; at the end of the eighteen days another judge of the same district hears the arguments, prepares the charge and delivers it to the jury; passes upon the motion for a new trial, and sentences the prisoner; and it does not affirmatively appear by the record that the new judge read any portion of the evidence, neither that the jury had been in any manner tampered with. Held: That there was irregularity in the proceedings of the court and jury, and that the judgment should be reversed and a new trial granted."

It will be observed that the Court did not hold the judgment void on the ground that the Court was without jurisdiction, but that the judgment was based on an irregularity which constituted reversible error.

On the record in the instant case we may presume that the relator consented to the substitution of one judge for another. On this proposition the Court in People v. Casselman, 10 Cal. App. 234, 101 P. 693, held that where no objection is shown to the substitution of one judge for another, it will be presumed that the accused consented to the substitution, and that the substitution did not affect the jurisdiction of the Court. In Burrage v. State, 101 Miss. 598, 58 So. 217, it was held that where the accused consents to a substitution of judges, a change of judges cannot be assigned as error on review. In People v. Henderson, 28 Cal. 465, the Court said it could see no objection to the substitution of

judges if the parties consented, and by consenting and taking his chances on a successful outcome of the case, the accused, after conviction, could not repudiate the proceedings and try for a more favorable result.

We are required to distinguish between any remedy afforded the relator by direct appeal and by a habeas corpus proceeding. In the cases cited by relator the question was raised on error. A writ of habeas corpus cannot be made a substitute for error proceedings. A writ of habeas corpus is available only upon a showing that the Court was without jurisdiction. **Vol. 20, O. Jur. pp. 425, 426, 469; Vol. 25, Am. Jur. p. 184.** See also §12165 GC. In United States v. Valante, 264 U. S. 563, 44 S. Ct. 411, 68 L. Ed. 850, a similar question was raised and the Supreme Court, speaking through Mr. Justice Sanford, held that if any error existed in the substitution of one judge for another, such substitution did not go to the jurisdiction of the Court or render the judgment void and that review should have been sought by writ of error, and that a remedy by habeas corpus is not available.

We may well adopt and apply to the issues in this case the words used by our Supreme Court in the Burson case which are as follows:

"Finally, the Common Pleas Court of Franklin County is a court of general jurisdiction and had jurisdiction of the case involving the indictment of the petitioner. In the opinion of this court, that court did not take any action whereby it lost jurisdiction and which made its judgment void. If it is conceded that there was any irregularity in the proceedings of the court, it constituted error but it did not oust the court of jurisdiction. The petitioner had and still has an adequate remedy at law by way of review, on appeal, and the extraordinary remedy of habeas corpus does not lie."

Writ denied.

MILLER, PJ, and HORNBECK, J, concur.