## FORREST v. GRAHAM.

No. 8005.   Decided Sept. 16, 1953.   (261 P. 2d 169.)

*Glen S. Hatch,* Salt Lake City, for appellant.

*E. R. Callister,* Atty. Gen., *Walter L. Budge.* Asst. Atty. Gen., for respondent.

WOLFE, Chief Justice.

This is an appeal from a judgment entered below in a habeas corpus proceeding that the appellant is and has been

lawfully detained in the custody of the respondent, Warden of the Utah State Prison.

Appellant was tried for and convicted of the crime of second degree burglary on May 16, 1952, in the Seventh Judicial District Court of Carbon County before Judge L. Leland Larson. Subsequently a motion for a new trial was granted, but the appellant's motion for a change of venue for the second trial was denied by Judge F. W. Keller, the other judge of that district. At the second trial, Judge A. H. Ellett of the Third Judicial District presided, having been requested by Judge Keller to try the case in order that Judge Keller could attend a grazing board meeting. Judge Ellett heard the evidence, instructed the jury, and after they had retired to deliberate on a verdict, Judge Keller returned to the courthouse. Thereupon at the suggestion of Judge Ellett, Judge Keller took over the duties of presiding and Judge Ellett returned to his own district. Apparently no objection was made at that time either by the State or by the appellant to this substitution. When the jury returned with a verdict of guilty, Judge Keller received the verdict, and subsequently sentenced the appellant to an indeterminate term in the State Prison, denied his request for probation, and committed him to the prison.

The appellant contends that Judge Keller had divested himself of jurisdiction in the case by calling in Judge Ellett to preside and that he could not thereafter act in the case except to perform ministerial acts; that the act of receiving the jury's verdict, sentencing the appellant and committing him to prison were not ministerial, but judicial acts; and that therefore the acts performed by Judge Keller in the case were null and void for want of jurisdiction. Reliance is placed by the appellant on *State ex rel Moser* v. *District Court*, 116 Mont. 305, 151 P.2d 1002; *State ex rel. Sullivan* v. *District Court*, 122 Mont. 1, 196 P.2d 452; *McCabe* v. *Whitehill*, 51 N.M. 424, 186 P.2d 514. In the first cited case, a district judge who had voluntarily disqualified himself

from hearing a case and who had called in a judge from another district to hear it, was held to have no jurisdiction to thereafter cite the relator for contempt of court for acts allegedly arising in connection with that case. In each of the other two cited cases relied upon by the appellant, a district judge who was disqualified by the filing of an affidavit of prejudice and bias by one of the litigants, was held to lack jurisdiction to do anything in connection with the case except in ministerial matters such as arranging the calendar, regulating the order of business, and calling in another judge or transferring the case.

The above cases relied upon by the appellant are not controlling here for the reason that Judge Keller was at no time *disqualified* to act in the trial of the appellant Although the appellant moved for a change of venue from Carbon County and that motion was denied by Judge Keller, he did not apply for a change of judge on the ground that a fair and impartial trial could not be had by reason of the interest or prejudice of the judge, as permitted by sec. 77-25-2, Utah Code Annotated 1953. Nor did Judge Keller voluntarily disqualify himself from hearing the case because of bias, prejudice or interest. All Judge Keller did was to request that Judge Ellett try the case in order that he could attend a grazing board meeting. This request was presumably made pursuant to sec. 78-3-13, Utah Code Annotated 1953, which provides:

"Any district judge may hold a district court in any county at the request of the judge of the district, and upon the request of the governor it shall be his duty to do so; and in either case the judge holding the court shall have the same powers as the judge thereof."

Nothing in that statute requires that the requesting district judge be disqualified in the case before he can request a judge from another district to hold court in his district.

As heretofore stated, Judge Ellett presided over the trial to the point where the jury had retired to deliberate on a

verdict. While they were so deliberating Judge Keller took over the duties of presiding, and on the jury's return, received their verdict, and subsequently sentenced the appellant and committed him to prison. As to whether it is error entitling a defendant in a criminal case to a new trial for a judge who has in no way been disqualified by the litigants or by himself to substitute for another judge after the retirement of the jury, and to receive the verdict and sentence the defendant, there is no unanimity of judicial opinion. See the annotation on this general subject at 114 A.L.R. 435. The cases of *King* v. *People,* 87 Colo. 11, 285 P. 157; *Commonwealth* v. *Thompson,* 328 Pa. 27, 195 A. 115, 114 A.L.R. 432; and *Brown* v. *State,* 186 Tenn. 378, 210 S.W. 2d 670, hold it not reversible error for a judge substituted after the jury's retirement to receive the verdict. That it is not reversible error for a different judge from the judge who presided over the trial to sentence the defendant, see *State* v. *Sweetin,* 134 Kan. 663, 8 P.2d 397; *Anderson* v. *State,* 115 Fla. 477, 155 So. 726. However, the question before us is not whether the substitution of Judge Keller for Judge Ellett after the jury had retired constituted error which would have entitled the appellant to a new trial had he prosecuted an appeal — a question which we do not decide—but whether it was error which divested the court of jurisdiction, made a nullity of all subsequent proceedings in the case in which Judge Keller participated, and opens the judgment of conviction to collateral attack in this habeas corpus proceeding.

We conclude that the acts of Judge Keller were not null and void for want of jurisdiction and hence are not subject to collateral attack here. The Supreme Court of the United States in the case of *U.S.* v. *Valante,* 264 U.S. 563, 44 S. Ct. 411, 412, 68 L. Ed. 850, held that habeas corpus would not lie for the release of a prisoner because at his trial the verdict was received by a judge other than the one who had

presided over the preceding stages of the trial. Said the court:

"* * * it is clear that the error, if any was committed, did not go to the jurisdiction of the court or render the judgment void, but was, at the most, one which could have been corrected on a review by writ of error. It is 'the well-established general rule that writ of *habeas corpus* cannot be utilized for the purpose of proceedings in error.' "

For a holding to the same effect, see *Bowman* v. *Alvis,* 88 Ohio App. 229, 96 N.E. 2d 605. Likewise, it has been held not jurisdictional error for a different judge than the one presiding over the trial to impose sentence. *Ex parte Williams,* 26 Fla. 310, 8 So. 425; *Ridgeway* v. *City of Akron,* Ohio App., 42 N.E. 2d 724. There is the broad statement in *Allen* v. *State,* 13 Okl. Cr. 533, 165 P. 745, L.R.A. 1917E, 1085, and in *Henderson* v. *State,* Okl. Cr., 246 P.2d 393, 399, that

"the reception of the verdict in a criminal case is a judicial act, which cannot be delegated, and a verdict so received is a nullity, and that no judgment of conviction could be lawfully pronounced upon such verdict",

but both of those cases were appeals from judgments of conviction and the court did not have before it the question of collateral attack.

The judgment below is affirmed.

McDONOUGH, CROCKETT, HENRIOD, and WADE, J. J., concur.