**PRIEST, Estate of, In re.**

Probate Court, Fairfield County.

No. 27647. Decided July 28, 1958.

Chas. H. Drinkle, George D. Martin, Lancaster, for Executrix of the Estate of John W. Priest, Deceased.

Donald C. Miller, Lancaster, for Administrator of the Estate of Leota Priest, Deceased.

## OPINION

By HASTINGS, J.

This matter comes before the Court upon the motion of the Executrix to amend the Inventory and Appraisement herein before filed by striking therefrom the $2,500.00 set off in Schedule F and the $1,800.00 set off in Schedule G, exempt property and years support respectively, because said widow, Leota Priest, did not survive decedent by thirty days, and that decedent's estate passes as though he had survived her by authority of §2105.21 R. C.

John W. Priest died March 6, 1958. His last Will and Testament was admitted to Probate March 14, 1958, and in it, after providing for payment of debts in Item I and a specific devise to a nephew in Item II, provided for his widow, Leota Priest, in Item III reading in part as follows:

"ITEM III. My wife, Leota Priest, is an invalid and is unable to attend to business affairs. For that reason, I give, bequeath, and devise all the rest of my property, real and personal, wheresoever situated, to our friend, Hazel L. Williamson, of Lancaster, Ohio, IN TRUST for my wife, Leota Priest, for and during her lifetime." (Above followed by detailed instructions and powers to said Trustee.)

"The entire Trust Estate, including income and principal, shall be available to my wife, Leota Priest, and the Trustee shall have power and authority to pay to my said wife, from time to time, or to make pur-

chases for her needs or for her pleasure from the Trust Estate, such sum or sums as said Trustee may deem necessary or proper to provide for my said wife support, maintenance, medical care, comfort and pleasure in a liberal manner." (Further instructions to Trustee.)

"Upon the death of my wife, said Trustee shall make arrangements for a suitable burial for her out of my Estate.

"Any property or assets of any kind remaining in my Estate after the death of my wife, Leota Priest, shall be distributed as hereinafter provided."

Items IV and V provide for distribution of the remainder over to certain nieces and nephews, and Item VI appoints an Administratrix and a Trustee.

Leota Priest died March 24, 1958, surviving her husband by eighteen days.

Following the reasoning and authority cited in **Morrison v. Morrison, 159 Oh St 285,** this Court finds it has jurisdiction of the subject matter, and while no petition has been filed asking for a declaratory judgment, the motion herein filed sets forth sufficient facts to call for a review of the questions involved and properly invokes the Court's jurisdiction.

**Sec. 2105.21 R. C.,** as amended effective October 16, 1953, reads:

"When there is no evidence of the order in which the death of two or more persons occurred, no one of such persons shall be presumed to have died first and the estate of each shall pass and descend as though he had survived the other. **When the surviving spouse or other heir at law, legatee or devisee dies within thirty days after the death of the decedent, the estate of such first decedent shall pass and descend as though he had survived such surviving spouse, or other heir at law, legatee or devisee. A beneficiary of a testamentary trust shall not be deemed to be a legatee or devisee within the meaning of this section.** This section shall prevail over the right of election of a surviving spouse.

"This section shall not apply in the case of wills wherein provision has been made for distribution of property different from the provisions of this section. In such case such provision of the will shall not prevail over the right of election of a surviving spouse." The parts of said section applying to this case have been emphasized for convenience.

While the first sentence of said statute cannot apply here, Leota Priest, surviving her husband by less than thirty days, clearly comes within the conditions stipulated in the second sentence of said statute.

There were two exceptions added to this section when amended October 16, 1953, setting forth conditions whereby the law as outlined in the second sentence of statute does not apply:

FIRST: directly following said second sentence and emphasized for convenience "A beneficiary of a testamentary trust shall not be deemed to be a legatee or devisee within the meaning of this section." and SECOND: the next to the last sentence of said statute: "This section shall not apply in the case of wills wherein provision has been made for distribution of property different from the provisions of this section." The following cases cited by Executrix: **Gilger Estate, 49 O. O. 50;** Estate of Thatcher, 30 N. P. N. S. 515; **Harrison Adm. v. Hillegas, 13 O. O. 523;**

and **Estate of Kessler, 85 Oh Ap 240; 40 O. O. 167,** were all decided before said statute was amended to include said exceptions.

In further support of her motion Executrix cites: **Barrick v. Fligle,** 103 P. App 507; 4 O. O. 2d 15 and **Weir v. Weir, 102 Oh Ap 231; 2 O. O. 2d 245,** both decided in January 1957. In each case the Court held that since the Wills in each case did not contain a provision for distribution of property different from the provisions of this section, the beneficiaries involved did not fit into this exception (the second exception above mentioned) and the mandatory provisions outlined in the second sentence of this statute would govern. In neither of these cases did the Will set up a testamentary trust for the beneficiary involved and the Court was not required to rule thereupon with regard to said first exception.

It is quite clear that Leota Priest is the beneficiary of a testamentary trust set up for her in the Will of John W. Priest, and she therefore qualifies under the first exception to the application of §2105.21 **R. C.** But despite the fact that as a legatee she is excluded, it is contended she comes within the statute because the statute specifically mentions surviving spouse. This might be true if the statute read "surviving spouse, heir at law, legatee or devisee." But it does not. It reads "surviving spouse or other heir at law," etc., and the words "surviving spouse" followed by the words "or other heir at law" means the surviving spouse as an heir at law.

**17 O. Jur. 2d, Page 346, Sec. 10.** "Today the term 'heir,' 'heirs' or 'heirs at law' in its usual, legal, and strict and technical import signifies the person or persons appointed by law under the statute or statutes of descent and distribution to succeed to the estate in case of intestacy,—."

**Sec. 2105.06 R. C.** Statutes of descent and distribution in sections A to F inclusive provide distribution of intestate property to "surviving spouse" or "spouse surviving" and child, lineal descendents, etc. all "other heirs at law."

As used in §2105.21 **R. C.,** the words "surviving spouse and other heirs at law" refer to those taking property by intestate succession and the words "legatee or devisee" refer to those taking property by testate succession, by the terms of a Will.

The exemption provided by §2115.13 **R. C.,** and years support provided by §2117.20 **R. C.,** are not intestate successions, despite the obiter dictum on **Page 300** in **Bauman v. Hogue, 160 Oh St 296,** which was not necessary to the judgment and was not incorporated in the law of the syllabus. If the reasoning of this dictum were followed, the use of the mansion house by the widow, or money in lieu thereof, even perhaps fiduciary and appraisers fees, would be intestate successions, and of course they are not. The exemption and years support are debts and preferred claims, incident to the marriage, as was determined in **Raleigh v. Raleigh, 153 Oh St 160; Stetson v. Hoyt, 139 Oh St 345;** and **Davidson v. M & M, S. & T., 129 Oh St 418.**

**17 O. Jur. 2d, 453, Sec. 122, Year's Allowance; Property Exempt from Administration.** "Such property or funds are received as payment of a debt, and not by descent."

Sec. 2115.13 R. C., specifically provides the property selected are not assets in the estate and the money a lien on decedent's property and §2117.21 R. C., provides the year's allowance may bear interest until paid.

Sec. 5731.03 R. C., provides that value of support money in excess of Three Thousand Dollars shall be deemed a succession taxable under the inheritance tax law.

Sec. 5731.02 R. C., provides for the levy of a tax upon the succession to any property passing when the succession is by will or the intestate laws, and we can find no report of an Ohio Court wherein the 20% exemption or year's support under Three Thousand Dollars have been held to be successions and subject to the inheritance tax levy.

Since, in the Will of testator, the clause setting up the trust for the benefit of Leota Priest is a residuary clause, and the exemption and year's support are not intestate successions, Leota Priest will receive no intestate property from the estate of John W. Priest, and is therefore not a "surviving spouse" as an heir at law which would bring §2105.21 R. C., into effect. She, being the beneficiary of a testamentary trust, is such a legatee or devisee as is exempt from the application of said statute.

Sec. 2105.21 R. C., therefore does not apply to the estate, because it only becomes of force and effect when a person who dies within thirty days of decedent either succeeds to property by intestate succession or to testate property not in the form of a testamentary trust or in a bequest or devise different from the provisions of this section.

We can find no reported case concerning this part of §2105.21 R. C., or a similar law elsewhere. The only reported reference to this exception to the law was in a review of new legislation affecting Probate Law and Procedure, on page 368 of Volume 14, 1953, Ohio State Law Journal, wherein was expressed the same construction of §2105.21 R. C., after its amendment, as hereinabove given. The **Estate of Metzger, 140 Oh St 50; 23 O. O. 257**, has no application to this case because the widow in that case fell completely within the then terms of §10503-18 GC, and not within a specified amendment thereto, as is our case' under the amended law.

Executrix has emphasized the laudable purpose of this adjudication as pointed out in several of the cases cited construing the statute as originally enacted, in all of which this Court concurs. However, the legislature has seen fit, when this statute was amended, to exclude from the operation thereof of certain beneficiaries wherein the specified conditions bring these persons within the two exceptions. It is the duty of the Courts to apply the law as enacted and not to rewrite it, and it certainly was not the intention of the legislature that one who qualified under an exemption and thereby not excluded from inheriting should lose some other right by a superficial first glance construction of another part of the statute.

Sec. 2105.21 R. C., itself an exception to the general law of inheritance, not applying, the Estate of John W. Priest passes and descends by the regular laws of inheritance, as if his widow, Leota Priest, had survived him, as she did. Leota Priest is therefore entitled to the statutory 20% exemption and year's support as provided by law and executrix's motion is not well taken and is overruled.