FARLEY, ADMX., APPELLANT, *v.* KYRIAKIDES, COUNTY CORONER, APPELLEE.

(No. 10522—Decided June 23, 1982.)

*Mr. Clifford C. Spohn,* for appellant.
*Mr. George T. Manos,* for appellee.

VICTOR, J. Clayton Michael Tennant took his own life with a valuable Browning shotgun. Defendant, Dr. A. H. Kyriakides, as Summit County Coroner, investigated the death and confiscated the gun. Plaintiff, Jean E. Farley, the administratrix of the decedent's estate, brought an action in municipal court to recover the gun, but the relief granted her by the trial court was reversed upon appeal. Plaintiff then filed this action in the court of common pleas seeking a declaration that the statute which provides for the confiscation of firearms by the coroner, R.C. 313.141, is unconstitutional.

The trial court found R.C. 313.141 not to be unconstitutional, and plaintiff appeals.

Assignments of Error

"I. The trial court erred in concluding that Ohio Revised Code 313.141 was a legislative enactment which modified or altered the course of descent and distribution.

"II. The trial court erred in concluding that the inalienable constitutional rights the administratrix wants protected were the rights of the deceased and these rights did not vest in the administratrix or heirs.

"III. The trial court erred in its failure to conclude that as a matter of law Ohio Revised Code 313.141 denies both procedural and substantive due process.

"IV. The trial court erred in not holding that the administratrix could challenge the overbreadth of the statute, Ohio Revised Code 313.141.

"V. The trial court erred in not finding that Ohio Revised Code 313.141 violates the Constitution of the United States, Amendment XIV and the Constitution of the State of Ohio, Article I, [Section] 19 by taking property without compensation.

"VI. The trial court erred in not finding that Ohio Revised Code 313.141 is in conflict with other Ohio Statutes regulating the use and disposition of firearms.

"VII. The trial court erred in failing to find that Ohio Revised Code 313.141 violates the Constitution of the United States, Amendment XIV, and the Constitution of the State of Ohio, Article I, [Section] 2, by denying appellant the equal protection of the law.

"VIII. The trial court erred in not finding that Ohio Revised Code 313.141 violates the Constitution of the State of Ohio, Article I, [Section] 4."

R.C. 313.141 provides:

"If firearms are included in the valuable personal effects of a deceased person who met death in the manner described by section 313.12[1] of the Revised Code, the coroner shall deliver the firearms to the chief of police of the municipal corporation within which the body is found, or to the sheriff of the county if the body is not found within a municipal corporation. The firearms shall be used for law enforcement purposes only or they shall be destroyed. * * *."

This section does not exist in a vacuum, however, but must be construed *in pari materia* with R.C. 313.14 and 313.22. Because it contemplates an uncompensated taking of property we must also construe the statute strictly, "keeping in mind the principle that forfeitures are not favored in law or equity." *State* v. *Lilliock* (1982), 70 Ohio St. 2d 23, 25 [24 O.O.3d 64].

R.C. 313.14 provides:

"* * * The coroner shall take charge and possession of all moneys, clothing, and other valuable personal effects of such deceased person, found in connection with or pertaining to such body, and shall store such possessions in the county coroner's office or such other suitable place as is provided for such storage by the board of county commissioners. After using such of the clothing as is necessary in the burial of the body, *in case the cost of the burial is paid by the county,* the coroner shall sell at public auction the valuable personal effects of such deceased persons, found in connection with or per-

---

[1] "When any person dies as a result of criminal or other violent means, or by casualty, or by suicide, or suddenly when in apparent health, or in any suspicious or unusual manner, the physician called in attendance, * * * or law enforcement agency who obtains knowledge thereof arising from his duties, shall immediately notify the office of the coroner of the known facts concerning the time, place, manner, and circumstances of such death, and any other information which is required pursuant to sections 313.01 to 313.22 of the Revised Code. * * *"

taining to the unclaimed dead body, except firearms, which shall be disposed of as provided by section 313.141 of the Revised Code, and he shall make a verified inventory of such effects. * * *" (Emphasis added.)

This statute establishes a fund with which the county may defray burial expenses. This "fund" satisfies the county's claim against the estate for these expenses, but the county does not "succeed" to the property as that term is used in intestate succession. See *In re Estate of Priest* (1958), 79 Ohio Law Abs. 444 and R.C. 2117.25 (B). The county's claim against the estate does not affect the quality of the rights of the executor or administrator, or even heirs. This is in accordance with R.C. 313.22 which provides:

"Sections 311.01 to 311.21 [313.01 to 313.21], inclusive, of the Revised Code do not interfere with the rights of any appointed and qualified administrator or executor, but moneys and effects taken by the coroner shall be delivered to such administrator or executor, whether before or after return thereof to the probate court."

If R.C. 313.141 were to apply to all firearms, the provision in R.C. 313.14 which directs the coroner to dispose of firearms in accordance with R.C. 313.141 would be surplusage. We must presume the legislature intends to give effect to all the words of a statute. Further, such a construction would contradict R.C. 313.22, and in the case of the suicide before us, would be a forfeiture: the losing of something by way of penalty. *Ridgeway* v. *Akron* (1940), 36 Ohio Law Abs. 46. Instead, we conclude that R.C. 313.141 provides the means for disposal only of those firearms included in the effects over which the coroner has the power of disposition under R.C. 313.14, *i.e.*, property found in relation to unclaimed bodies, the cost of burial of which is paid by the county. In all other cases the coroner should proceed pursuant to R.C. 313.22.

Under this construction of R.C. 313.141, the firearm in question is not subject to disposition by the coroner. Said firearm shall be delivered to the plaintiff.

Finding as we do that the statutes in question require the return of the shotgun to the plaintiff, no constitutional issues need be addressed. Accordingly, the judgment of the trial court requiring the coroner to deliver to the law enforcement officers the firearm of this suicide victim is reversed and the cause is remanded for further proceedings in accordance with law.

*Judgment reversed and cause remanded.*

HUNSICKER, J., concurs.

MAHONEY, P.J., concurs in judgment only.

HUNSICKER, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6 (C), Article IV, Constitution.