OPINION
Defendant-appellant, William Sanford, appeals from his Butler County Court of Common Pleas conviction for felonious assault.
At approximately 3:00 a.m. on May 19, 1995, a male driving an orange Pontiac with grey doors propositioned Jamie Elza to have sex with him for $20. Elza agreed, and the male drove her to an alley and parked.
When Elza insisted that the male pay her before they had sex, he struck her in the face, and ripped off her brassiere and underpants. The male repeatedly punched Elza in the face and choked her as he had forcible intercourse with her. After several minutes, Elza sounded the car's horn. The male threw her out of the car and sped off. As she fell out of the car, Elza grabbed the male's ballcap upon which the name "Duke" was stenciled.
Elza ran to a nearby apartment building and notified Donna Wages that she had been sexually assaulted. Wages subsequently telephoned the Middletown Police Department, and Officer Ron Stewart responded to the call. Elza gave Officer Stewart a physical description of the male and his orange Pontiac with grey doors. The police made no arrest.
On July 31, 1995, Elza observed the male who had assaulted her drive by in an orange Pontiac with grey doors. She copied down the car's license number and reported it to the police. Detective Ron Sloan traced the license number to Linda Sanford, appellant's wife. With personal knowledge that appellant fit the physical description of Elza's assailant and that appellant's nickname was "Duke," Detective Sloan put together a photographic lineup including a photograph of appellant. Elza identified appellant as the male who had assaulted her.
On August 2, 1995, the police arrested appellant. On March 29, 1996, a jury found appellant guilty of felonious assault. The trial court sentenced appellant to serve six to fifteen years' imprisonment. Appellant now appeals, setting forth the following two assignments of error for review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN FAILING TO GRANT A MISTRIAL WHEN THE APPELLEE REVEALED THROUGH THE TESTIMONY OF A POLICE WITNESS THAT IT HAD NOT DISCLOSED THE COMPLETE ORAL STATEMENT OF THE APPELLANT GIVEN AT THE TIME OF HIS INTERVIEW WITH THAT WITNESS.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY FINDING HIM GUILTY OF THE OFFENSE OF FELONIOUS ASSAULT INSTEAD OF ASSAULT WHEN THE EVIDENCE FAILED TO PROVE THE ELEMENT OF THAT OFFENSE THAT DISTINGUISHES FELONIOUS ASSAULT FROM ASSAULT.
In his first assignment of error, appellant argues that the trial court erred by refusing to declare a mistrial for the prosecution's failure to disclose the precise language of appellant's statements. We disagree.
The trial court has discretion in determining whether a mistrial should be declared. State v. Reynolds (1988), 49 Ohio App.3d 27, paragraph two of the syllabus. A mistrial should not be ordered in a criminal case merely because of an error or irregularity, provided that the substantial rights of the defendant are not prejudicially affected by the error. Id. See, also, Bowman v. Alvis (1950), 88 Ohio App. 229.
Crim.R. 16(B)(1)(a)(ii) provides in part as follows:
 Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any of the following * * *:
* * *
 (ii) Written summaries of any oral statement, or copies thereof, made by the defendant * * * to a prosecuting attorney or any law enforcement officer[.]
Crim.R. 16(B)(1)(a)(ii) requires no more than a summation of the oral statements of the defendant and "does not require a verbatim transcript detailing specifics of every remark made by the defendant." State v. Daws (1994), 104 Ohio App.3d 448, 474. A prosecution's account of any statement of the defendant need only be sufficient to allow him to adequately prepare his defense. Id.
In the instant case, appellant requested discovery, and the state complied, providing the following summary of appellant's statement:
 The defendant told Detective Ron Sloan, Middletown Police Department, that he did not rape Jamie Elza: that it could not have been him because he was at work at Reading Rock [in Butler County] when the offense was committed.
At trial, Detective Sloan testified that appellant stated that he knew that he had not raped Elza "because he had worked until 5:00, 5:30."
We find that the prosecution complied with Crim.R. 16(B). Although its summary of appellant's statement failed to detail the specific times appellant claimed he had been at work, the summary provided information sufficient to allow appellant to prepare his alibi defense. Daws at 473. Accordingly, the trial court did not abuse its discretion in refusing to declare a mistrial as appellant's rights were not prejudicially affected. Reynolds, 49 Ohio App.3d at 33. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that the record does not support a finding that Elza suffered serious physical harm, and that his conviction for felonious assault was therefore against the manifest weight of the evidence. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. A reviewing court will not reverse a jury verdict where substantial evidence exists, viewed in the light most favorable to the state, upon which the jury reasonably could conclude that all the elements of the offense have been proven beyond reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 273; State v. Eley (1978), 56 Ohio St.2d 169,172.
R.C. 2907.02 provides that "[no] person shall knowingly: (1) cause serious physical harm to another[.]" R.C. 2901.01(E) defines serious physical harm as "[a]ny physical harm that carries a substantial risk of death." A "`substantial risk' means a strong possibility, as contrasted with remote or significant possibility, that a certain result may occur or that certain circumstances exist." R.C. 2901.01(H).
Elza testified at trial that appellant struck her several times and tore off her brassiere and underpants. As appellant engaged in intercourse with Elza, he repeatedly struck her on her face and held her by her throat. Elza testified that she became numb and was "barely" able to breathe. Patrolman Ronnie Stewart testified that after the incident, he observed that Elza's face and eyes were swollen, that she had trouble breathing, and that she had "quite a bit of blood on her shirt." Photographs taken at the hospital showed severe bruising on and around Elza's throat.
In light of the foregoing evidence, we find that sufficient evidence exists from which the jury could reasonably find that appellant caused Elza serious physical harm. Accordingly, the trial court did not err in allowing appellant's conviction for felonious assault to stand. R.C. 2901.01(H), (E). Appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG and POWELL, JJ., concur.